FILED

Olu K. Orange, Esq. , SBN: 213653
3435 Wilshire Blvd., Suite 2900
Los Angeles, California 90010
Tel: (213) 736-9900 / Fax: (213) 406-1250

ROBERT MANN, CSB 48293
DONALD W. COOK, CSB 116666
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA  90010
Tel: (213) 252-9444/ Fax: (213) 252-0091

*Attorneys for Plaintiffs*

2009 MAR -6  PM 1:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY | Case No.: |

Case No.:

CV09-1592 FMC (RZx)

COMPLAINT FOR DAMAGES FOR:

*Plaintiffs,*

vs.

CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, WILLIAM BRATTON, JOSEPH CRUZ, DAVID ROMO, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, LAKSHMANAN SATHYAVAGISWARAN, AND DOES 1 THROUGH 10

*Defendants.*

1. VIOLATION OF CIVIL RIGHTS ADA, Rehab Act §504, inter alia
2. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983, Fourth Amendment (Unreasonable Seizure)
3. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983, Fourteenth Amendment (Substantive Due Process)
4. VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §§ 1983, 1985, 1986 (Conspiracy to Violate Civil Rights)
5. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 Municipal Liability Unconstitutional Practice, Custom, or Policy (*Monell*)
6. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 Municipal (*City of Canton*) and Individual Supervisory Liability (*Larez*) (Failure to train, supervise, discipline)
7. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983, First Amendment (Free Exercise Clause)
8. VIOLATION OF CIVIL RIGHTS 42

1

1
2

U.S.C. § 1983, Fourteenth Amendment (Equal Protection)

3
4
5
6
7
8
9

SUPPLEMENTAL STATE LAW CLAIMS
9. Assault
10. Battery
11. False Arrest/ False Imprisonment
12. Negligence
13. Infliction of Emotional Distress
14. Violation of Mandatory Duty
15. Violation of Civil Rights (Cal. Const. Art. 1 Sec. 4 and13, Cal. Civ. Code §§ 51, 51.7, 52.1, inter alia.)

10

JURY DEMAND

11
12
13

*(Cal. Code Civ. Proc. §377.11 Declarations and Death Certificate filed herewith under separate cover as Exhibits A, B and C)*

14
15

## PLAINTIFFS ALLEGE AS FOLLOWS:

16
17
18
19
20
21
22
23
24
25
26

This is a complaint for damages based upon Federal and State civil rights violations and state torts committed by the CITY OF LOS ANGELES, the LOS ANGELES POLICE DEPARTMENT, the COUNTY OF LOS ANGELES, the LOS ANGELES COUNTY DEPARTMENT OF CORONER and their officials, uniformed peace officers, employees and/or agents. This case is brought pursuant to 29 U.S.C. §§ 794, 794a; 42 U.S.C. §§ 12132, 1983, 1985, 1986 and California state law. Federal jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (a)(1-4). The court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a). In accordance with the requirements of the California Government Code, the requisite Claims for Damages for Plaintiffs were timely filed with the CITY OF LOS ANGELES AND THE COUNTY OF LOS ANGELES and subsequently rejected.

27
28

2

1

**JURISDICTION**

2    1.   This case is brought pursuant to 29 U.S.C. §§ 794, 794a; 42 U.S.C. §§ 12132,

3         1983, 1985, 1986. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343

4         (1-4). This court also has supplemental jurisdiction over the state claims and

5         over defendants pursuant to 28 U.S.C. § 1367.

6

7

**VENUE**

8    2.   The claims alleged herein arose from events or omissions occurring in the

9         County of Los Angeles. Therefore, venue lies in the Central District of

10        California. 28 U.S.C. 1391(b)(2).

11

12

**PARTIES**

13

PLAINTIFFS

14   3.   Plaintiff MOHAMMAD AFZAL CHAUDHRY is the father of now

15        deceased Mohammad Usman Chaudhry and is a resident of the County of

16        Los Angeles, State of California.   Plaintiff MOHAMMAD AFZAL

17        CHAUDHRY is decedent MOHAMMAD USMAN CHAUDHRY'S

18        beneficiary and successor in interest (as defined in Section 377.11 of the

19        California Code of Civil Procedure) and succeeds to the decedent's interest

20        in any action or proceeding on decedent's behalf. MOHAMMAD AFZAL

21        CHAUDHRY sues as an individual in his own right and, pursuant to his

22        Declaration, which was attached to this Complaint as Exhibit B, as successor

23        in interest, heir and legal representative of decedent to seek redress for the

24        deprivation of decedent's rights, including but not limited to decedent's

25        rights under the California Constitution and state law.   Plaintiff

26        MOHAMMAD AFZAL CHAUDHRY is informed and believes that no

27        other person has a superior right to commence an action or proceeding on

28        decedent's behalf. A copy of decedent's death certificate is attached hereto

3

1   as Exhibit A. At all times material to this complaint, plaintiff was a private
2   citizen of the State of California, United States of America.

3   4.   Plaintiff RUKHSANA CHAUDHRY is the mother of now deceased
4       Mohammad Usman Chaudhry and is a resident of the County of Los
5       Angeles, State of California.   Plaintiff RUKHSANA CHAUDHRY is
6       decedent MOHAMMAD USMAN CHAUDHRY'S beneficiary and
7       successor in interest (as defined in Section 377.11 of the California Code of
8       Civil Procedure) and succeeds to the decedent's interest in any action or
9       proceeding on decedent's behalf. RUKHSANA CHAUDHRY sues as an
10      individual in her own right and, pursuant to her Declaration, which was
11      attached to this Complaint as Exhibit C, as successor in interest, heir and
12      legal representative of decedent to seek redress for the deprivation of
13      decedent's rights, including but not limited to decedent's rights under the
14      California Constitution and state law. Plaintiff RUKHSANA CHAUDHRY
15      is informed and believes that no other person has a superior right to
16      commence an action or proceeding on decedent's behalf.   A copy of
17      decedent's death certificate is attached hereto as Exhibit A. At all times
18      material to this complaint, plaintiff was a private citizen of the State of
19      California, United States of America.

20  5.   Plaintiff "ESTATE" is the estate of now deceased MOHAMMAD USMAN
21      CHAUDHRY.

22  6.   Plaintiff USMA CHAUDHRY is the sister of now deceased Mohammad
23      Usman Chaudhry and is a resident of the County of Los Angeles, State of
24      California.  At all times material to this complaint, plaintiff was a private
25      citizen of the State of California, United States of America.

26  7.   Plaintiff MOHAMMAD UMAR CHAUDHRY is the brother of now
27      deceased Mohammad Usman Chaudhry and is a resident of the County of
28      Los Angeles, State of California.  At all times material to this complaint,

4

plaintiff was a private citizen of the State of California, United States of America.

## DEFENDANTS

8.  Plaintiffs are informed, believe and thereupon allege that Defendant ANTHONY T. HERNANDEZ, was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the Director of the Los Angeles County Coroner Department.

9.  Plaintiffs are informed, believe and thereupon allege that Defendant LAKSHMANAN SATHYAVAGISWARAN, was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the Chief Medical Examiner Coroner of the Los Angeles County Coroner Department.

10. Plaintiffs are informed, believe and thereupon allege that Defendant WILLIAM BRATTON, was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the Chief of the Los Angeles Police Department (City of Los Angeles).

11. Plaintiffs are informed, believe and thereupon allege that Defendant JOSEPH CRUZ, was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer of the Los Angeles Police Department (City of Los Angeles).

12. Plaintiffs are informed, believe and thereupon allege that Defendant DAVID ROMO, was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer of the Los Angeles Police Department (City of Los Angeles).

5

13. Plaintiffs are informed, believe and thereupon allege that Defendant COUNTY OF LOS ANGELES, (herein after "COUNTY"), is a duly constituted governmental entity in the state of California, and is, or was the employer of one, or all, other individually named defendants who are sued in their individual and official capacities, as well as one, or all, of Does.

14. Plaintiffs are informed, believe and thereupon allege that Defendant LOS ANGELES COUNTY CORONER DEPARTMENT, (herein after "CORONER'S DEPT"), is an agency of a duly constituted governmental entity in the state of California, to wit, County of Los Angeles, and is, or was the employer of one, or all, other individually named defendants who are sued in their individual and official capacities, as well as one, or all, of Does.

15. Plaintiffs are informed, believe and thereupon allege that Defendant CITY OF LOS ANGELES, (herein after "CITY"), is a duly constituted governmental entity in the state of California, and is, or was the employer of one, or all, other individually named defendants who are sued in their individual and official capacities, as well as one, or all, of Does.

16. Plaintiffs are informed, believe and thereupon allege that Defendant LOS ANGELES POLICE DEPARTMENT, (herein after "LAPD"), is an agency of a duly constituted governmental entity in the state of California, to wit, County of Los Angeles, and is, or was the employer of one, or all, other individually named defendants who are sued in their individual and official capacities, as well as one, or all, of Does.

17. The identities, capacities and/or or nature of involvement of defendant Does are presently unknown to plaintiffs. Plaintiffs therefore sue such persons using Does as fictitiously-named defendants. Plaintiffs are informed and believe, and based upon that belief allege, that there is likely to be evidentiary support to prove that each Doe was involved in some manner

6

Complaint for Damages

1      and legally responsible for the misconduct alleged below. Plaintiffs are
2      informed and believes one, or all, of Does are agents, servants or employees
3      of Defendant COUNTY and/or other Does. Plaintiffs will seek leave of
4      court to amend the complaint to name the Doe defendants upon learning
5      their true identities and roles in the actions complained of herein.

6  18. Plaintiffs are informed and believe, and based upon that belief alleges that all
7      Defendants employed by COUNTY AND/OR CITY were, at all times
8      relevant and material to this complaint, acting within the course and scope of
9      their employment duties for COUNTY AND/OR CITY, and under color of
10     law. Plaintiff is informed, believes and thereupon alleges that each of the
11     individual defendants' acts were known to, discovered by, approved and/or
12     ratified by defendants COUNTY AND/OR CITY, by and through their
13     policy makers, decision makers, and/or supervisors.

14  19. Plaintiffs are informed, believe and thereupon allege that all Defendants
15     employed by Does were, at all times relevant and material to this complaint,
16     acting within the course and scope of their employment duties for Does, and
17     under color of law. Plaintiffs are informed, believe and thereupon allege
18     that each of the individual defendants' acts were known to, discovered by,
19     approved and/or ratified by defendant Does, by and through its/their policy
20     makers, decision makers, and/or supervisors, including applicable other Doe
21     defendants.

22

23                  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24  20. At the time of his death, Mohammad Usman Chaudhry (hereinafter
25     "USMAN") was a 21 year-old man of Pakistani descent and Muslim
26     religious affiliation suffering from mental disabilities, one of which was
27     autism. As a function of his autism, USMAN sometimes wandered away
28     from home and roamed and lived on the streets of Hollywood.

7

21. Plaintiffs are informed and believe and thereupon allege the following: On or about March 25, 2008, at approximately 4:00 a.m., in the front yard of the apartment building located at 1435 North Curson Avenue, in Los Angeles, California, USMAN was wrongfully seized, detained, falsely imprisoned/arrested, discriminated against based upon, *inter alia*, his race, ethnicity, religion and/or mental disability, subjected to severe emotional distress, battered and shot and caused to die, all without lawful reason, cause, or excuse by DEFENDANTS Joseph Cruz, David Romo, and Does;

22. DEFENDANTS Romo, Cruz, and Does contacted USMAN as he was laying outdoors in the yard of the residence at 1435 North Curson Avenue, woke him, handcuffed him, checked his identification, and shot USMAN multiple times -- killing him;

23. DEFENDANTS Romo and Cruz, and Does, failed to timely provide medical treatment and/or allow medical treatment to be provided to USMAN and obstructed investigation into USMAN'S shooting and death;

24. Further, all DEFENDANTS, and each of them, as well as other Doe CITY and COUNTY officers and employees, prevented the observance of appropriate religious and familial burial rights and responsibilities by USMAN'S family (inclusive of his father Mohammad Afzal Chaudhry, his mother Rukhsana Chaudhry, his brother Mohammad Umar Chaudhry and his sister Usma Chaudhry) with relation to him by not informing USMAN'S family that USMAN had been killed until approximately twenty-one days passed, even though USMAN had multiple forms of identifying documents on his person at the time of his death including state-issued identification from the California Department of Motor Vehicles. Moreover, several unidentified Doe County and City officials and unknown County and City personnel, supervisors, officials and policy makers approved of, enabled, failed to prevent and ratified this conduct.

8

## SCOPE AND NATURE OF ALLEGATIONS

25. Plaintiffs are informed, believe and thereupon allege that officials, supervisors, policy makers and other individuals with the authority to set or modify municipal and/or departmental policy, *dejure* or *defacto*, of Defendant COUNTY, CITY and/or DOES, participated in, approved of, ratified and/or failed to prevent the acts by Defendants ROMO, CRUZ AND DOES, complained of by Plaintiffs.

26. Plaintiffs are informed, believe and thereupon allege that at all times herein mentioned, each of the DEFENDANTS; including officials, supervisors, watch commanders and other policy makers from Defendants COUNTY, CITY and/or DOES, and their agencies; was the agent, employee or co-conspirator of one other, some, or all of their Co-defendants. Plaintiffs are informed, believe and thereupon allege that each of the DEFENDANTS, acting individually, and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiffs of their respective rights to: life, accommodation for mental disability, security in person and effects, freedom from unreasonable searches and seizures, equal protection, free exercise of religion and due process of law. Each and all of the things done by each DEFENDANT against USMAN and/or each Plaintiff, as mentioned in this entire Complaint, were done because of religion, ethnicity and/or mental disability. And, in doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all DEFENDANTS were acting pursuant to a *defacto* policy and within the scope of such agency, employment and conspiracy and with full permission, knowledge, approval, ratification and support of each other.

## DAMAGES

27.   The aforementioned acts of ALL DEFENDANTS, and each of them, directly and proximately, caused Plaintiffs to suffer as follows: (A) RUKHSANA CHAUDHRY – familial deprivation, loss of society and comfort, pain and suffering, loss of the right to timely prepare and bury her son per religious dictates, humiliation, damage to name and reputation in the community, burial expenses and other expenses associated with burial; (B) MOHAMMAD AFZAL CHAUDHRY – familial deprivation, loss of society and comfort, pain and suffering, loss of the right to timely prepare and bury his son per religious dictates, humiliation, damage to name and reputation in the community, burial expenses and other expenses associated with burial; (C) USMA CHAUDHRY – familial deprivation, loss of society and comfort, pain and suffering, loss of the right to timely prepare and bury her brother per religious dictates, humiliation, damage to name and reputation in the community; (D) MOHAMMAD UMAR CHAUDHRY – familial deprivation, loss of society and comfort, pain and suffering, loss of the right to timely prepare and bury his brother per religious dictates, humiliation, damage to name and reputation in the community; (E) ESTATE OF MOHAMMAD USMAN CHAUDHRY – loss of life, loss of enjoyment of accommodation for mental disability, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional and physical injury and pain and suffering, great and extreme mental anguish, damage to name and reputation in the community, loss of the right to timely preparation and burial per religious dictates.

### CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF

**BY PLAINTIFF ESTATE AGAINST ALL CITY DEFENDANTS AND DOES**

**Violation of Civil Rights Based Upon Disability**

**(Americans With Disabilities Act, Rehab. Act of 1973 §504, *inter alia*)**

28.    Plaintiffs incorporate paragraphs 1-27, as though fully set forth herein.

29.    This cause of action arises under United States Code, Title 42, Section 12132, and Title 29, Section 794, and the related sections following both, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to USMAN by the Americans With Disabilities Act (hereinafter "ADA"), the Rehabilitation Act of 1973 (hereinafter "Rehabilitation Act"), and the Fourteenth Amendment to the United States Constitution.

30.    The Americans With Disabilities Act and the Rehabilitation Act of 1973 guarantee mentally disabled persons accommodations and freedom from discrimination in provision of public services based upon their disabilities.

31.    The acts complained of herein, including the denial of mental health services and accommodation for USMAN, by DEFENDANTS CITY, LAPD, BRATTON, ROMO, CRUZ AND DOES, and each of them, were directed toward, and wrought upon, USMAN because of his mental disability.

32.    USMAN was a "qualified individual," with a mental and medical impairment, to wit autism and mental retardation, that limited and/or substantially limited his ability to care for himself and control his mental, medical or physical health condition as defined under the ADA, 42 U.S.C. §12131 (2), under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, 28 C.F.R. §540(1)(2), 28 C.F.R. §42.540(k), and Cal. Civ. Code §§ 51 and 54.1, Cal. Gov't Code §12926.1, and qualified as an individual with a mental disability under California law, and he met the eligibility requirements of LAPD and CITY programs to be provided access to medical and mental health care services for persons encountered by LAPD.

33. DEFENDANTS CITY, LAPD, BRATTON, ROMO, CRUZ AND DOES, and each of them, are covered entities for purposes of enforcement of the ADA, 42 U.S.C. §12181(7)(F), the Rehabilitation Act, 29 U.S.C. §794, Cal. Govt. Code §12926, and Cal. Civ. Code §51 et seq., explicated by the regulations promulgated under each of these laws.

34. DEFENDANTS CITY, LAPD, BRATTON, ROMO, CRUZ AND DOES, and each of them, are mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities . . . " and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

35. DEFENDANTS CITY, LAPD, BRATTON, ROMO, CRUZ AND DOES, and each of them, are mandated under the ADA not to "discriminate against [any individual] on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. §12182 (a).

36. 42 U.S.C. §12182(b)(1)(A)(3) provides in pertinent part that "it shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to others."

37. DEFENDANTS CITY, LAPD, BRATTON, ROMO, CRUZ AND DOES, and each of them, as a result of USMAN'S mental disability, violated the ADA and deprived decedent USMAN and Plaintiffs of their federally and state protected rights by failing to provide competent, reasonable and/or appropriate service, care and accommodation to USMAN in light of his mental disability and instead provided a quality of care, accommodation and

12

1      service that is different, separate, and worse than the service provided to

2      other individuals.

3    38.   In taking the actions complained of herein, DEFENDANTS CITY, LAPD,

4      BRATTON, ROMO, CRUZ AND DOES, and each of them, acted with

5      reckless disregard for USMAN's and Plaintiffs' state and federally protected

6      rights.

7    39.   As a result of the acts and misconduct of the Defendants complained of

8      herein, USMAN died and Plaintiffs have suffered, are now suffering and

9      will continue to suffer damages and injuries as alleged in this Complaint.

10

11                    **SECOND CLAIM FOR RELIEF**

12      **Violation of 4th Amendment (Unlawful Seizure / Excessive Force)**

13   **BY PLAINTIFF ESTATE AGAINST ALL CITY DEFENDANTS AND DOES**

14    40.   Plaintiffs incorporate paragraphs 1-39, as though fully set forth herein.

15    41.   This cause of action arises under United States Code, Title 42, Section 1983,

16      wherein Plaintiff seeks to redress a deprivation under color of law of a right,

17      privilege or immunity secured to USMAN by the Fourth, and Fourteenth

18      Amendments to the United States Constitution.

19    42.   The seizure of, use of excessive force upon, AND search of USMAN were

20      without probable cause, or warrant, or any recognized exceptions thereto,

21      and were thus unreasonable, and in violation of USMAN'S Fourth

22      Amendment right to be free of unreasonable search and seizure.

23

24                     **THIRD CLAIM FOR RELIEF**

25                **Violation of 14th Amendment**

26                **(Substantive Due Process)**

27      **ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

28    43.   Plaintiffs incorporate paragraphs 1-42, as though fully set forth herein.

13

44. This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to Plaintiffs by the Fourteenth Amendment to the United States Constitution.

45. The conduct of each defendant violated the rights of plaintiffs to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and entitles plaintiffs to recover damages including punitive damages, as alleged above, pursuant to 42 U.S.C. § 1983.

46. DEFENDANTS CITY, LAPD, BRATTON, ROMO, CRUZ AND DOES' chosen course of action to not at all notify USMAN'S family of his death, the result of an LAPD shooting, was unreasonable, callous, evil and despicable. Said defendants' actions were violations of those provisions of state law alleged in herein, and constituted interference in plaintiffs' familial relationships and religious beliefs, specifically pertaining to burial, and were thus violations of Plaintiffs' Fourteenth Amendment Right to Due Process of Law.

47. DEFENDANTS COUNTY, CORONER'S DEPT, HERNANDEZ, SATHYAVAGISWARAN AND DOES' chosen course of action to not notify USMAN'S family of his death for twenty-one days, when his identity was ascertained by DMV records, was unreasonable, disgraceful and reprehensible. Said defendants' actions were violations of those provisions of state law alleged in herein, and constituted interference in plaintiffs' familial relationships and religious beliefs, specifically pertaining to burial, and were thus violations of Plaintiffs' Fourteenth Amendment Right to Due Process of Law.

14

## FOURTH CLAIM FOR RELIEF

### Violation of Civil Rights 42 U.S.C. §§ 1983, 1985, 1986

### Conspiracy to Violate Civil Rights

### ALL PLAINTIFFS AGAINST ALL DEFENDANTS

48. Plaintiffs incorporates paragraph 1-47, as though fully set forth herein.

49. This cause of action arises under United States Code, Title 42, Sections 1983, 1985 and 1986, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to them, respectively, by the First, Fourth and Fourteenth Amendments to the United States Constitution.

50. DEFENDANTS, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Plaintiffs' civil rights, under the U.S. Constitution as stated herein this Complaint.

## FIFTH  CLAIM FOR RELIEF

### Violation of Civil Rights 42 U.S.C. § 1983

### Unconstitutional Policy Custom or Procedure – (*Monell*)

### ALL PLAINTIFFS AGAINST DEFENDANTS CITY, LAPD, COUNTY AND CORONER'S DEPT AND DOES

51. Plaintiffs incorporate paragraphs 1-50, as though fully set forth herein.

52. This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to them, respectively, by the First, Fourth and Fourteenth Amendments to the United States Constitution.

53. Defendants violated Plaintiffs' constitutional rights, as alleged herein above, by creating and maintaining, among other things, the following unconstitutional customs and practices, *inter alia*:

54. Plaintiffs allege that Defendants CITY and/or LAPD have a de facto policy, custom or practice of harassing, intimidating and threatening to arrest and arresting, without legal justification, persons who are, or appear to be, homeless and/or sleeping outdoors;

55. Plaintiffs allege that Defendants CITY and/or LAPD have a *de facto* policy, custom or practice of harassing, intimidating, threatening to arrest and arresting, without legal justification, persons who are, or appear to be, mentally disabled;

56. Plaintiffs allege that Defendants CITY and/or LAPD have a *de facto* policy, custom or practice of harassing, intimidating and threatening to arrest and arresting, without legal justification, persons who are, or appear to be, of Middle Eastern or South Asian ancestry and/or dark-skinned appearance, or who are likely of Muslim faith;

57. Plaintiffs allege that Defendants CITY and/or LAPD have a de facto policy, custom or practice of using excessive force upon persons who are, or appear to be, homeless and/or sleeping outdoors;

58. Plaintiffs allege that Defendants CITY and/or LAPD have a de facto policy, custom or practice of using excessive force upon persons who are, or appear to be, mentally disabled;

59. Plaintiffs allege that Defendants CITY and/or LAPD have a de facto policy, custom and/or practice of using excessive force against people, including but not limited to persons who are, or appear to be, of Middle Eastern or South Asian ancestry and/or dark-skinned appearance;

60. Plaintiffs allege that Defendants CITY and/or LAPD have a de facto policy, custom or practice of failing to investigate police department uses of force upon persons who are, or appear to be, of Middle Eastern or South Asian ancestry and/or dark-skinned appearance;

61.  Plaintiffs allege that Defendants CITY and/or LAPD have a de facto policy, custom or practice of not notifying families of the death of persons killed by LAPD;

62.  Plaintiffs allege that Defendants CITY and/or LAPD have a de facto policy, custom or practice of not notifying families of the death of persons killed by LAPD who are, or appear to be, of Middle Eastern or South Asian ancestry and/or dark-skinned appearance, or who are likely of Muslim faith;

63.  Plaintiffs allege that Defendants COUNTY and/or CORONER'S DEPT have a de facto policy, custom or practice of failing to timely process cases of persons who are, or appear to be, of Middle Eastern or South Asian ancestry and/or dark-skinned appearance, or who are likely of Muslim faith;

64.  Plaintiffs allege that Defendants COUNTY and/or CORONER'S DEPT have a de facto policy, custom or practice of failing to timely notify families of the death of persons who are, or appear to be, of Middle Eastern or South Asian ancestry and/or dark-skinned appearance, or who are likely of Muslim faith;

65.  Plaintiffs allege that Defendants CITY and/or LAPD have a de facto policy, custom or practice of not making available adequate police officers and field personnel trained to safely service, accommodate, and/or care for persons who are, or appear to be, mentally disabled.

66.  Defendants CITY'S, LAPD'S, COUNTY'S AND/OR CORONER'S DEPT'S policies or customs caused and were the moving force or affirmative link behind some or all of the violations of Plaintiffs' constitutional rights at issue in this case.

67.  Plaintiffs are informed, believe and thereupon allege that Defendants CITY, LAPD, BRATTON, COUNTY, CORONER'S DEPT, HERNANDEZ and SATHYAVAGISWARAN, maintain a custom, policy and/or practice of not properly supervising and/or disciplining their respective employees, officers,

17

1    managers and supervisors for failing to observe and act in compliance with

2    the legal requirements and protections applicable to persons as set forth in

3    the U.S. and California Constitutions, and other laws as set forth in this

4    complaint, including but not limited to Cal. Health & Safety Code §7104; Cal

5    Govt. Code §27471; the ADA; Cal Civ. Code §§ 51, 51.7, 52; 42 U.S.C. §1983

6    and the First, Fourth and Fourteenth Amendments to the U.S. Constitution.

7   68.   The foregoing unconstitutional customs and practices were a direct and legal

8       cause of harm to Plaintiffs, and each of them.

9   69.   It is alleged that some or all of Plaintiffs' injuries are of a permanent nature.

10   70.   Plaintiff specifically alleges that Defendants COUNTY'S, CITY'S, LAPD'S

11       AND/OR CORONER'S DEPT'S policy, custom and/or practices, as

12       described herein, were within the control of Defendants COUNTY, CITY,

13       LAPD AND/OR CORONER'S DEPT and within the feasibility of

14       Defendants COUNTY, CITY, LAPD AND/OR CORONER'S DEPT, to

15       alter, adjust and/or correct so as to prevent some or all of the unlawful acts

16       and injury complained of herein by Plaintiffs.

17

18                **SIXTH CLAIM FOR RELIEF**

19       **42 U.S.C. § 1983 –Failure to Train – (*City of Canton*)**

20    **BY ALL PLAINTIFFS AGAINST DEFENDANTS CITY, COUNTY,**

21        **LAPD, CORONER'S DEPT AND DOES;**

22     **42 U.S.C. § 1983 – Individual Supervisory Liability**

23    **BY ALL PLAINTIFFS AGAINST DEFENDANTS BRATTON,**

24      **HERNANDEZ, SATHYAVAGISWARAN**

25   71.   Plaintiffs incorporate paragraphs 1-70, as though fully set forth herein.

26   72.   This cause of action arises under United States Code, Title 42, Section 1983,

27       wherein Plaintiffs seek to redress a deprivation under color of law of a right,

28

18

privilege or immunity secured to them, respectively, by the First, Fourth and Fourteenth Amendments to the United States Constitution.

73. Defendants violated Plaintiffs' constitutional rights, as alleged herein above, by, among other things, failing to train as follows, inter alia:

74. Plaintiffs are informed, believe and thereupon allege that Defendants CITY, LAPD and BRATTON have ample reason to know, based upon arrest reports, claims for damages, inter alia, that LAPD'S officers and/or employees regularly engage in the misdeeds set forth in paragraphs 1 through 70, herein above;

75. Plaintiffs are informed, believe and thereupon allege that Defendants CITY, LAPD and BRATTON had ample reason to know, based upon arrest reports, claims for damages, publicly available statistics, departmental reports, inter alia, that LAPD'S officers and/or employees regularly encounter, and are not prepared to safely and effectively provide services to and accommodate, persons suffering mental disabilities such as those suffered by USMAN;

76. Plaintiffs are informed, believe and thereupon allege that Defendants CITY, LAPD and BRATTON had ample reason to know, based upon arrest reports, claims for damages, publicly available statistics, departmental reports, inter alia, that LAPD'S officers and/or employees regularly encounter, and are not prepared to provide services to and accommodate, persons practicing religious beliefs such as those of USMAN and his family;

77. Plaintiffs are informed, believe and thereupon allege that Defendants COUNTY, CORONER'S DEPT, HERNANDEZ and SATHYAVAGISWARAN had ample reason to know, based upon complaints, claims for damages, inter alia, that CORONER'S DEPT'S officers and/or employees regularly encounter, and are not prepared to provide services to and accommodate, persons practicing religious beliefs such as those of USMAN and his family;

19

78. Plaintiffs are informed, believe and thereupon allege that Defendants COUNTY, CORONER'S DEPT, HERNANDEZ and SATHYAVAGISWARAN had ample reason to know, based upon complaints, claims for damages, inter alia, that CORONER'S DEPT'S officers and/or employees regularly engaged in the misdeeds set forth in paragraphs 1 through 70, herein above;

79. Plaintiffs are informed, believe and thereupon allege that Defendants CITY, LAPD, BRATTON, COUNTY, CORONER'S DEPT, HERNANDEZ and SATHYAVAGISWARAN, have failed to properly train their respective employees, officers, managers and supervisors as to the legal requirements and protections applicable to persons as set forth in the U.S. and California Constitutions, and other laws as set forth in this complaint, including but not limited to Cal. Health & Safety Code §7104; Cal Govt. Code §27471; the ADA; Cal Civ. Code §§ 51, 51.7, 52; 42 U.S.C. §1983 and the First, Fourth and Fourteenth Amendments to the U.S. Constitution.

80. Plaintiffs allege that these failures are the result of deliberate indifference on the part of Defendants CITY, LAPD, BRATTON, COUNTY, CORONER'S DEPT, HERNANDEZ and SATHYAVAGISWARAN, by and through their decision makers and subordinates.

81. The foregoing unconstitutional failures to train were a direct and legal cause of harm to Plaintiffs.

82. It is alleged that some or all of Plaintiffs' injuries are of a permanent nature.

83. DEFENDANTS BRATTON, HERNANDEZ and SATHYAVAGISWARAN acted in supervisory capacities with respect to the incidents involving Plaintiffs. As supervisors, Defendants BRATTON, HERNANDEZ and SATHYAVAGISWARAN acted intentionally, maliciously, in conscious disregard, and with deliberate indifference to the

1    rights of Plaintiffs. These supervisory failures directly caused and
2    contributed to Plaintiffs' damages.

3    84. Plaintiffs specifically allege that Defendants COUNTY'S, CITY'S, LAPD'S
4    AND/OR CORONER'S DEPT'S failures to train, as described herein, were
5    within the control of Defendants COUNTY, CITY, LAPD AND/OR
6    CORONER'S DEPT and within the feasibility of Defendants COUNTY,
7    CITY, LAPD AND/OR CORONER'S DEPT, to alter, adjust and/or correct
8    so as to prevent some or all of the unlawful acts and injury complained of
9    herein by Plaintiffs.

10

11    ## SEVENTH CLAIM FOR RELIEF
12    **Violation of 1st Amendment (Free Exercise Clause)**
13    **ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

14    85. Plaintiffs incorporate paragraphs 1-84, as though fully set forth herein.

15    86. This cause of action arises under United States Code, Title 42, Section 1983,
16    wherein Plaintiffs seek to redress a deprivation under color of law of a right,
17    privilege or immunity secured to them, respectively, by the First, Fourth and
18    Fourteenth Amendments to the United States Constitution.

19    87. DEFENDANTS, and each of them, acted as described herein above, to
20    violate Plaintiffs' civil rights, under the U.S. Constitution as stated herein
21    this Complaint. In so doing, Defendants, and each of them, burdened each
22    Plaintiff's practice of religion, by preventing each Plaintiff from engaging in
23    conduct mandated by each Plaintiff's faith.

24

25    ## EIGHTH CLAIM FOR RELIEF
26    **Violation of 14th Amendment (Equal Protection)**
27    **ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

28    88. Plaintiffs incorporate paragraphs 1-87, as though fully set forth herein.

21

89. This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to them, respectively, by the First, Fourth and Fourteenth Amendments to the United States Constitution.

90. DEFENDANTS' actions as described in this Complaint were done to Plaintiffs in violation of protections afforded Plaintiffs by the 14th Amendment to the United States Constitution. Therefore, Plaintiffs are entitled to bring suit and recover damages pursuant to 42 U.S.C. § 1983.

## NINTH CLAIM FOR RELIEF
## BY PLAINTIFF ESTATE AGAINST DEFENDANT CITY
## SUPPLEMENTAL STATE LAW CLAIM – ASSAULT

91. Plaintiffs incorporate paragraphs 1-90, as though fully set forth herein.

92. This cause of action arises under the general laws and Constitution of the State of California. Plaintiff has complied with the California Tort Claims Act requirements.

93. As described in detail herein above, Defendants ROMO, CRUZ AND DOES, assaulted USMAN by acting intentionally to place him in reasonable apprehension of immediate harmful or offensive contact by threatening and attempting to seize him, and seizing him, and had the present ability to cause such contact.

94. DEFENDANTS CITY AND/OR DOES, are liable to Plaintiff ESTATE for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## TENTH CLAIM FOR RELIEF
## BY PLAINTIFF ESTATE AGAINST DEFENDANT CITY

22

Complaint for Damages

## SUPPLEMENTAL STATE LAW CLAIM – BATTERY

95. Plaintiffs incorporate paragraphs 1-94, as though fully set forth herein.

96. This cause of action arises under the general laws and Constitution of the State of California. Plaintiff has complied with the California Tort Claims Act requirements.

97. Defendants ROMO, CRUZ AND DOES, and each of them, battered USMAN, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of USMAN by shooting him.

98. DEFENDANTS CITY AND/OR DOES, are liable to Plaintiff ESTATE for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## ELEVENTH CLAIM FOR RELIEF
### BY PLAINTIFF ESTATE AGAINST DEFENDANT CITY
### SUPPLEMENTAL STATE LAW CLAIM
### FOR FALSE ARREST/FALSE IMPRISONMENT

99. Plaintiffs incorporate paragraphs 1-98, as though fully set forth herein.

100. This cause of action arises under the general laws and Constitution of the State of California. Plaintiff has complied with the California Tort Claims Act requirements.

101. DEFENDANTS ROMO, CRUZ AND DOES had no probable cause or other legal justification to detain, seize or arrest Plaintiff on the date in question, nor to continue to hold him for any duration of time thereafter.

102. DEFENDANTS ROMO AND CRUZ AND DOES falsely arrested and falsely imprisoned USMAN when they seized him and handcuffed him

23

under threat or show of authority, which USMAN was not free to disregard or ignore.

103. DEFENDANTS ROMO, CRUZ AND DOES falsely arrested and falsely imprisoned Plaintiff when they seized Plaintiff at the afore-described Jack-in-the-Box.

104. DEFENDANTS CITY AND/OR DOES, are liable to Plaintiff ESTATE for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## TWELFTH CLAIM FOR RELIEF
### BY PLAINTIFFS RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY AND MOHAMMAD UMAR CHAUDHRY
### AGAINST ALL DEFENDANTS
### SUPPLEMENTAL STATE LAW CLAIM FOR NEGLIGENCE

105. Plaintiffs incorporates paragraphs 1-104, as though fully set forth herein.

106. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

107. For purposes of this cause of action only, allegations are deemed to sound in negligence, and set forth pursuant to Cal Civ Code § 1714.

108. At all times material herein, DEFENDANTS BRATTON, AND DOES, and each of them, had a duty to act reasonably to avoid, or foresee, the risk that said DEFENDANTS themselves, or their colleagues or subordinates, would commit the acts complained of herein, including but not limited to: (a) encountering and physically harming a person such as USMAN, suffering from mental disabilities such as USMAN suffered; (b) encountering and

24

1  violating the religious and familial rights of a person such as USMAN
2  and/or his family; and (c) choosing to not notify the family of a person such
3  as USMAN after killing him.

4  109. COUNTY,      CORONER'S      DEPT,      HERNANDEZ,
5  SATHYAVAGISWARAN, AND DOES, and each of them, had a duty to
6  act reasonably to avoid, or foresee, the risk that said DEFENDANTS
7  themselves, or their colleagues or subordinates, would commit the acts
8  complained of herein.

9  110. DEFENDANTS  CITY,  CRUZ,  ROMO,  BRATTON,  COUNTY,
10  CORONER'S DEPT, HERNANDEZ, SATHYAVAGISWARAN, AND
11  DOES, and each of them, breached their duty of care by not acting
12  reasonably under the circumstances of such risk, as described herein above,
13  and/or by impeding, arresting or otherwise curtailing the civil rights of, or
14  endangering, without lawful basis, USMAN and/or Plaintiffs, respectively.

15  111. DEFENDANTS  CITY,  COUNTY,  CORONER'S  DEPT,  BRATTON,
16  HERNANDEZ, SATHYAVAGISWARAN, AND DOES, and each of them,
17  breached their duty of care by not acting reasonably under the circumstances
18  of such risk, as described herein above, and/or by failing to discharge their
19  respective duties to appropriately screen and train their employees and
20  investigate and discipline their employees for misconduct.

21  112. All said DEFENDANTS, and each of them, ratified the aforesaid conduct
22  committed under color of law.

23  113. Each DEFENDANT'S aforesaid breaches of duty were proximate and actual
24  causes of injury to PLAINTIFFS.

25  114. Entity and/or agency DEFENDANTS are liable to PLAINTIFFS for the acts
26  of their public employees, the individual defendants herein, for conduct
27  and/or omissions herein alleged, pursuant to the doctrine of Respondeat
28  Superior, codified at California Government Code § 815.2.

25

## THIRTEENTH  CLAIM FOR RELIEF

### BY PLAINTIFFS RUKHSANA CHAUDHRY, MOHAMMAD AFZAL

### CHAUDHRY, USMA CHAUDHRY

### AND MOHAMMAD UMAR CHAUDHRY

### AGAINST ALL DEFENDANTS

### SUPPLEMENTAL STATE LAW CLAIM

### FOR  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

115. Plaintiffs incorporate paragraphs 1-114, as though fully set forth herein.

116. This cause of action arises under the general laws and Constitution of the State of California.

117. Plaintiffs have complied with the California Tort Claims Act requirements.

118. In committing the aforesaid acts and omissions specified in Paragraphs 1 through 106, DEFENDANTS, and each of them, acted intentionally, recklessly, and/or in conscious disregard with respect to the high probability that their conduct would likely result in severe emotional distress, embarrassment, humiliation, extreme fear, anxiety, panic attacks, shock, dismay and anguish to Plaintiffs, with or without accompanying physical symptoms.

119. Each Defendant's acts and omissions as specified in Paragraphs 1 through 106, were outrageous and shocking to the conscience of an ordinary person, and caused in Plaintiffs, and each of them, severe emotional distress, embarrassment, humiliation, extreme fear, anxiety, panic attacks, shock, loss of sleep, dismay and anguish and was a substantial factor in causing damage and injury to each Plaintiff as set forth herein.

120. Entity and/or agency DEFENDANTS are liable to PLAINTIFFS for the acts of their public employees, the individual defendants herein, for conduct

26

1     and/or omissions herein alleged, pursuant to the doctrine of Respondeat

2     Superior, codified at California Government Code § 815.2.

3

4     **FOURTEENTH CLAIM FOR RELIEF**

5     **BY ALL PLAINTIFFS AGAINST DEFENDANTS COUNTY**

6     **CORONER'S DEPT, HERNANDEZ, SATHYAVAGISWARAN AND DOES**

7     **SUPPLEMENTAL STATE LAW CLAIM**

8     **FOR VIOLATION OF MANDATORY DUTY**

9     **(CALIFORNIA HEALTH AND SAFETY CODE §7104; GOVERNMENT**

10     **CODE §§ 27471, 815.6)**

11    121. Plaintiffs incorporate paragraphs 1-120, as though fully set forth herein.

12    122. This cause of action arises under the general laws and Constitution of the

13        State of California. Plaintiffs have complied with the California Tort Claims

14        Act requirements.

15    123. Per California Health And Safety Code §7104 and Government Code §§

16        27471, 815.6, the COUNTY DEFENDANTS AND DOES were under a

17        mandatory duty to make a reasonable attempt using reasonable diligence to

18        notify USMAN'S next of kin -- the other non-estate plaintiffs in this matter.

19    124. Defendants' failure to comply with the mandatory duties imposed by Cal.

20        Govt. Code §27471 and Cal. Health and Safety Code §7104, proximately

21        caused and contributed to plaintiffs' damages, as alleged herein.

22    125. Entity and/or agency DEFENDANTS are liable to PLAINTIFFS for the acts

23        of their public employees, the individual defendants herein, for conduct

24        and/or omissions herein alleged, pursuant to the doctrine of Respondeat

25        Superior, codified at California Government Code § 815.2.

26

27     **FIFTEENTH CLAIM FOR RELIEF**

28     **BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

## SUPPLEMENTAL STATE LAW CLAIM
## FOR VIOLATION OF CIVIL RIGHTS
### (CALIFORNIA CIVIL CODE §§ 51.7, 52(b) and 52.1)

126. Plaintiffs incorporate paragraphs 1-125, as though fully set forth herein.

127. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

128. DEFENDANTS CITY, LAPD, CRUZ, ROMO, BRATTON, COUNTY, CORONER'S DEPT, HERNANDEZ, SATHYAVAGISWARAN, AND DOES, and each of them, by doing and/or causing the acts complained of in this entire Complaint, violated Plaintiffs' civil rights under the United States and California Constitutions, as well as California Civil Code Sections 52.1, 52(b) and 51.7 by doing the acts described herein above. Said acts were, among other things, in violation of Article I, Sections 2, 3, 4, 7 and 13 of the California Constitution. Each act done by each Defendant to USMAN was done because of USMAN'S Muslim religious affiliation, Pakistani ethnicity, mental disability, and/or homeless appearance. Each act done by each Defendant to each other non-estate plaintiff was done because of Muslim religious affiliation and/or Pakistani ethnicity.

129. Entity and/or agency DEFENDANTS are liable to PLAINTIFFS for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

130. DEFENDANTS, and each of them, for the respective acts and violations pleaded herein above, are liable to each Plaintiff for damages, and penalties and attorneys' fees as provided in California Civil Code §§ 52(b), including but not limited to an amount no less than $25,000 to Plaintiff, per each Defendant, per each violation of right, in addition to all other remedies

28

supported by or provided for by law. Non-governmental entity defendants are also liable to Plaintiffs for exemplary and punitive damages.

131. DEFENDANTS, and each of them, for the respective acts and violations pleaded herein above,  are liable to each Plaintiff for attorneys' fees as provided in California Civil Code § 52(b)(3).

132. DEFENDANTS, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiff for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1(b). Non-governmental entity defendants are also liable each Plaintiff for exemplary and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief from Defendants, and each of them, for each of the above causes of action:

1. For compensatory damages, including general and special damages, according to proof;

2. For punitive damages pursuant to 42 U.S.C. §1983 and California Civil Code §§ 3294 and 52.1(b), and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

3. For statutory damages, according to proof,

4. For prejudgment interest according to proof;

5. For reasonable attorney fees pursuant to 29 U.S.C. §§ 794, 794a, 42 U.S.C. §§ 1983, 1986, 1988, 12205, California Civil Code §§ 52.1, 52(b)(3), California Code of Civil Procedure § 1025.1, and any other applicable provisions;

6. For costs of suit; and

7. For such further relief which is just and proper.

29

**JURY DEMAND**

Plaintiffs hereby demand trial by jury in this action.

Respectfully submitted,

DATE: March 4, 2009

Olu K. Orange, Esquire
Attorneys for the Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand trial by jury in this action.

Respectfully submitted,

DATE: March 4, 2009

Olu K. Orange, Esquire
Attorneys for the Plaintiffs

//
//

30

Complaint for Damages