1  **CARMEN A. TRUTANICH**, City Attorney
   **MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
2  **CORY M. BRENTE**, Assistant City Attorney
   **CRAIG J. MILLER**, Deputy City Attorney (SBN 138302)
3  **WENDY SHAPERO**, Deputy City Attorney (SBN 198739)
   200 North Main Street, 6th Floor, City Hall East
4  Los Angeles, CA  90012
   Phone No: (213) 978-7029; Fax No: (213) 978-8785
5  E-mail: wendy.shapero@lacity.org

6  Attorneys for Defendants City of Los Angeles and David Romo

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  RUKHSANA CHAUDHRY, MOHAMMAD          ) CASE NO.  CV09-01592 FMC (RZx)
    AFZAL CHAUDHRY, USMA                 )
12  CHAUDHRY, MOHAMMAD UMAR              )
    CHAUDHRY, ESTATE OF MOHAMMAD         ) **DEFENDANTS CITY OF LOS**
13  USMAN CHAUDHRY                       ) **ANGELES ET AL.'S REPLY TO**
                                         ) **PLAINTIFFS' OPPOSITION TO**
14              *Plaintiffs,*            ) **DEFENDANTS' MOTION TO**
                                         ) **CONSOLIDATE CASES CV09-1592**
15                                       ) **AND CV09-1835**
                                         )
16       vs.                             )
                                         )
17  CITY OF LOS ANGELES, LOS             )
    ANGELES POLICE DEPARTMENT,           )
18  WILLIAM BRATTON, JOSEPH CRUZ,        ) Date:      September 14, 2009
    DAVID ROMO, COUNTY OF LOS            ) Time:      10:00 a.m.
19  ANGELES, LOS ANGELES COUNTY          ) Courtroom: 750
    CORONER DEPARTMENT, ANTHONY          )
20  HERNANDEZ, LAKSHMANAN                )
    SATHYAVAGISWARAN, AND DOES 1         )
21  THROUGH 100                          )
                                         )
22              *Defendants.*            )
    _____)

23

24

25

26

27

28

                                        i

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

Plaintiffs oppose Defendants' motion to consolidate cases CV09-1835 (hereafter "1835") and CV09-1592 (hereafter "1592"). Case 1835 was previously properly removed to District Court in March of this year. Now that both cases are in the District Court, consolidation allows for judicial economy because both claims arise from the same occurrence, the death of Mohammad Usman Chaudhry.

After amending the pleading in 1835 to remove the federal question claim, Plaintiffs now assert that the District Court lacks jurisdiction and must remand the case to state court. Plaintiffs' position is flawed on several grounds:

First, an objection to removal is barred by the 30 day time-limit outlined in 28 U.S.C. § 1447(c). A motion to remand for procedural defects in the removal must be made within 30 days after the removal notice is filed in federal court. While this 30 day limit does not apply to motions made based on lack of subject matter jurisdiction, the court clearly retains the ability to hear the case based on supplemental jurisdiction as it relates to 1592, or in the alternative, the court can retain the case since federal question jurisdiction was removed by the plaintiff in order to have the case remanded to state court (see discussion below).

Secondly, the District Court may retain jurisdiction in removal cases where the plaintiff amends the pleading to remove the basis for subject matter jurisdiction because removal is determined *at the time of removal*.

Given these flaws in Plaintiffs' approach, the arguments presented in opposition to the motion to consolidate are inapplicable.

Since 1835 and 1592 are properly situated in Federal Court, and 1835 should not be remanded, Plaintiffs present no valid reason against consolidation. Plaintiffs inexplicably argue for a stay of the state court proceeding (assuming it could be remanded) pending the outcome of the federal claim, when it would clearly be in the interests of economy to

1

1   decide the identical issues together.  This would not only lead to a quicker, less costly

2   outcome, but would preclude the need to raise res judicata and collateral estoppel issues

3   down the road.

4   **2.     TAXPAYER STANDING NOT AT ISSUE WHERE CLAIM IS PROPERLY**

5   **IN FEDERAL COURT BASED ON SUPPLEMENTAL JURISDICTION**

6   Per 28 U.S.C. § 1367(a) supplemental jurisdiction of a state law claim is proper

7   where the complaint sets forth a claim "arising under" federal law. Plaintiffs' 1835

8   complaint originally stated a federal question, and was properly removed to Federal Court.

9   Once there, Plaintiffs amended the complaint to remove the federal question, hoping to

10   thereby induce the court to remand the case back to the state court.

11   It is true that where an amended complaint omits the federal claim providing subject

12   matter jurisdiction, the court has no supplemental jurisdiction over the remaining state law

13   claims. See Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1242-1243 (11th

14   Cir. 2007).   However, different treatment is afforded to cases removed from state to

15   federal court.  In such a situation subject matter jurisdiction is determined at the time of

16   removal and not based on subsequent amendments of the pleadings. See Libhart v. Santa

17   Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979). "A plaintiff may not compel

18   remand by amending a complaint to eliminate the federal question upon which removal

19   was based." Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc., 159 F3d

20   1209, 1213 (9th Cir. 1998).

21   Further, while 28 U.S.C. § 1447(c) provides that "[i]f at any time before final

22   judgment it appears that the district court lacks subject matter jurisdiction, the case shall

23   be remanded," remand is *discretionary* where federal question jurisdiction existed *at the*

24   *time of removal*, and the federal claim is later dismissed. See Albingia Versicherungs A.G.

25   v. Schenker Int'l Inc., 344 F.3d 931, 936 (9th Cir. 2003).

26   Thus, the state law claims made by the Plaintiffs were properly brought to the

27   District Court as supplemental to the federal claim and jurisdiction *remains* with the

28   District Court. Again, remand is permissive, not mandatory.

2

1   Given that the court retains jurisdiction over the state law claims, there is no reason
2   for remand where the legal issues are based on the same set of facts and can more
3   efficiently be decided in conjunction with the other claims.

4   **3.   NOTIONS OF FEDERALISM DO NOT PROHIBIT A FEDERAL COURT**
5   **FROM CONSOLIDATING ACTIONS IN THE INTEREST OF ECONOMY**
6   **AND CONVENIENCE**

7   Plaintiffs have incorrectly assumed that the defense position is that "simultaneous
8   litigation of the same claims in separate sovereigns is a prohibited practice." (Plaintiffs'
9   Opposition to Defendants' Motion for Consolidation, 5:7-8). Nowhere have Defendants
10   made such an argument. However, Plaintiffs' dual-court system argument cited in Noel v.
11   Hall is misguided. (Plaintiffs' Opposition to Defendants' Motion for Consolidation, 5:10-
12   6:7). No one disputes that a dual-court system is permissible. The issue is whether the
13   Court should consolidate factually identical cases in the interest of judicial economy.

14   The arguments presented by the Plaintiffs merely go to show that "both the state
15   court and the federal court, having concurrent jurisdiction, *may* proceed with the
16   litigation..." (Plaintiffs' Opposition to Defendants' Motion for Consolidation, 6:9-10).
17   However, the Plaintiffs fail to argue why the court *should* remand an issue so similar to
18   the ones to be considered. Thus, a federalism argument is not persuasive in opposition to
19   the motion to consolidate.

20   **4.   PLAINTIFFS' OBJECTION TO REMOVAL OF CV09-1835 IS TIME**
21   **BARRED**

22   If Plaintiff is asserting that the removal was defective due to a procedural error, the
23   motion is time barred by the 30 day limit in 28 U.S.C. §1447(c). 1835 was properly
24   removed on March 17, 2009, and the instant motion objecting to consolidation was filed
25   on August 24, 2009, well past the 30 day limit. Thus, the objection is time barred.

26   If Plaintiff is asserting that the removal was improper due to a lack of subject matter
27   jurisdiction, and therefore not subject to the thirty-day time limit, the discussion above
28   demonstrates that the court has the discretion to maintain jurisdiction over the matter

1   despite the Plaintiffs' attempt to amend-out the federal question. Thus, removal was
2   proper, and remand in inappropriate.

3   **5.    STATE LAW CAUSES OF ACTION MAY BE HEARD IN FEDERAL**
4   **COURT SUBJECT TO SUPPLEMENTAL JURISDICTION**

5          Similar to the discussion above, Plaintiffs again argue what the District Court may
6   or may not do, as opposed to what the court *should* do in the instant case.  Plaintiff cites
7   28 U.S.C. §1441(c) to assert the fact that the District Court ***may*** remand all matters in
8   which state law predominates. However, as discussed above, where jurisdiction over state
9   law claims is validly retained by the Court, there is no reason the state law issues in 1835
10  should not be decided along with the identical issues presented in 1592.

11  **6.    PLAINTIFFS' DESIRE TO STIPULATE TO A STAY OF STATE COURT**
12  **PROCEEDINGS WOULD UNNECESSARILY DELAY THE RESOLUTION**
13  **OF ALL CLAIMS**

14         No explanation has been provided as to why Plaintiffs continue to offer a
15  stipulation to a stay of state court proceedings on remand, when no adequate grounds for
16  the remand itself has been established, especially in light of the fact that CV09-1592,
17  raising nearly identical issues based on the same set of operative facts, *will still be decided*
18  *in the District Court.*

19         Defendants maintain that CV09-1835 is properly removed to the current court, that
20  remand is not required and indeed unnecessary, and that the cases should be consolidated
21  in the interests of judicial economy.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

4

**7.     CONCLUSION**

Based on the foregoing, Defendants request the Court grant the Motion for Consolidation of actions CV09-1592 FMC (RZx) and CV09-1835 FMC (RZx).

Dated:   August 27, 2009          Respectfully submitted,

**CARMEN A. TRUTANICH,** City Attorney
**MICHAEL CLAESSENS,** Sr. Assistant City Attorney
**CORY M. BRENTE,** Assistant City Attorney
**CRAIG J. MILLER,** Deputy City Attorney

By: _____
          **WENDY SHAPERO,** Deputy City Attorney
Attorneys for Defendants CITY OF LOS ANGELES, et al.

**PROOF OF SERVICE**

I, RUTH PARKHURST, declare as follows:

At the time of service I was over 18 years of age and not a party to this action.   My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA  90012, which is the County, City and State where this mailing occurred.

On August 27, 2009 I served the document(s) described as:

**DEFENDANTS CITY OF LOS ANGELES ET AL.'S REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE
CASES CV09-1592 AND CV09-1835**

on all interested parties in this action:

SEE ATTACHED SERVICE LIST

I served a true copy of the document(s) above by:

[  ] Personally delivering it to the person(s) indicated below in the manner provided in FRCivP 5(b).

[X] Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

Executed on August 27, 2009, at Los Angeles, California.

[  ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct.

RUTH PARKHURST

SERVICE LIST

| Donald W. Cook, Esq.<br>MANN and COOK LAW OFFICE<br>3435 Wilshire Blvd., Suite 2900<br>Los Angeles, CA 90010 | *Counsel for Plaintiffs*<br>(213) 252-9444<br>(213) 252-0091 Facsimile |
|---|---|
| Ameena M. Qazi, Esq.<br>COUNCIL ON AMERICAN-ISLAMIC<br>RELATIONS - Greater Los Angeles<br>2180 W. Crescent Avenue, Suite F<br>Anaheim, CA 92801 | *Counsel for Plaintiffs*<br>(714) 776-1847<br>(714) 776-8340 Facsimile |