1  Olu K. Orange, Esq., SBN: 213653
   ORANGE LAW OFFICES
2  3435 Wilshire Blvd., Suite 2900
   Los Angeles, California 90010
3  Tel: (213) 736-9900 / Fax: (213) 406-1250
   Email: oluorange@att.net
4

5  ROBERT MANN, CSB 48293
   DONALD W. COOK, CSB 116666
6  3435 Wilshire Blvd., Suite 2900
   Los Angeles, CA 90010
7  Tel: (213) 252-9444 / Fax: (213) 252-0091
   Email: manncook@earthlink.net
8

9  Ameena M. Qazi SBN 250404           Paula D. Pearlman CSB #109038
   COUNCIL ON AMERICAN-ISLAMIC         DISABILITY RIGHTS LEGAL CENTER
10 RELATIONS, CALIFORNIA               919 Albany Street
   2180 W. Crescent Ave., Suite F      Los Angeles, CA 90015
11 Anaheim, California 92801           Tel: (213)736-1031
   Telephone: (714) 776-1847           Fax: (213) 736-1428
12 Facsimile: (714) 776-8340           Email: paula.pearlman@lls.edu
   email: aqazi@cair.com

13  *Attorneys for Plaintiffs*

14

15  **UNITED STATES DISTRICT COURT**

16  **CENTRAL DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18 RUKHSANA CHAUDHRY, ET AL. | Case No.: CV09-1592 FMC (RZx) |
| 19           *Plaintiffs,* | <u>DISCOVERY MATTER</u> |
| 20      vs. | PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION |
| 21 CITY OF LOS ANGELES, ET AL. | |
| 22           *Defendants.* | |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

26  Upon the parties' stipulation and good cause appearing therefore, the Court
27  hereby issues the following order:

28

1

I. TERMS OF THE PROTECTIVE ORDER

    A. Plaintiffs and Defendants have agreed that the below-listed documents and references in depositions shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are privileged, confidential, private and/or are of a sensitive nature, and the Court has ordered them disclosed subject to a protective order.

    For purposes of this Order, Confidential Materials include, but are not limited to:

    1. Personnel Records, pertaining to investigative and disciplinary memoranda and documents.

    2. Training Records, Performance Evaluations and Narrative;

    3. Personnel and Training Records concerning parties, listed in TEAMS II.

    4. The LAPD Force Investigation Division files on the matter, including but not limited to photographs and presentation to the Police Commission

    5. The report of the LAPD Office of the Inspector General

    6. All compelled statements of police officers, Romo & Cruz

    7. All documents reviewed by the LAPD Police Commission

    B. The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

    C. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

D. Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

    1. Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

    2. Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

E. Before the disclosure of any Confidential Information to any person described in paragraph D(1) or D(2), with the exception of all Court Personnel, counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____/s/ _____"

Once this is completed, Counsel for Plaintiffs will serve a copy of the acknowledgment upon Defendants' counsel.

F. Upon the final termination of this litigation, all materials that were designated as confidential, as listed in paragraphs 1-7, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof, shall be returned to the CITY OF LOS ANGELES CITY ATTORNEY'S OFFICE (Craig Miller), 200 North Main Street, 6th Floor, City Hall East, Los Angeles, California 90012. All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the CITY OF LOS ANGELES CITY ATTORNEY'S OFFICE (Craig Miller). Any scans of documents, electronic iterations, or electronically stored or preserved versions of any materials covered by this order will

1 be destroyed. All persons subject to the protective order will sign a letter addressed to
2 the Los Angeles City Attorney's Office confirming such destruction has occurred.

3     G. If any party who receives Confidential Information receives a subpoena or
4 other request seeking Confidential Information, he, she or it shall immediately give
5 written notice to counsel for Defendants, identifying the Confidential Information sought
6 and the time in which production or other disclosure is required, and the CITY OF LOS
7 ANGELES CITY ATTORNEY'S OFFICE (Craig Miller), shall, per its discretion,
8 object to the request or subpoena on the grounds of this stipulation/protective order
9 and/or obtain an order barring production or other disclosure, or to otherwise respond to
10 the subpoena or other request for production or disclosure of Confidential Material. No
11 party shall be obligated to seek an order barring production of Confidential Information,
12 which obligation shall be borne by Defendants. However, in no event should production
13 or disclosure be made without written approval by the CITY OF LOS ANGELES CITY
14 ATTORNEY'S OFFICE (Craig Miller), which shall be given within the period for
15 compliance, unless required by Court Order arising from a motion to compel production
16 or disclosure of Confidential Information.

17     H. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other
18 written submissions to the Court in this litigation which Confidential Information shall
19 first be accompanied by an application, pursuant to Local Rule 79-5.1, to request that the
20 papers, or the confidential portion thereof, be lodged under seal.

21     ~~I. Counsel for the parties further agree that, during any portion of the trial of this~~
22 ~~action which could entail the discussion or disclosure of Confidential Information, that~~
23 ~~CITY OF LOS ANGELES CITY ATTORNEY'S OFFICE (Craig Miller), will have an~~
24 ~~opportunity to request that access to the courtroom be limited to parties, their counsel~~
25 ~~and other designated representative, experts or consultants who agreed to be bound by~~
26 ~~this stipulation/protective order, and court personnel.~~

27
28

I. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

K. The fact that Plaintiffs have entered into this stipulation does not waive any of Plaintiffs' rights to challenge the Defendants' designation of materials as confidential. Nevertheless, Plaintiffs understand and acknowledge that non-public materials contained within personnel and employment files and records are being provided pursuant to this Protective Order and they are to remain protected by this Order to the extent they were not publicly accessible originally. In the event there is some "good faith" disagreement as to whether certain documents and/or information provided by Defendants that were labeled as "CONFIDENTIAL" should be treated as confidential, the parties agree to make informal attempts to resolve such issues. However, to be clear, this stipulation and order in no way makes any originally publicly accessible information confidential.

L. The court shall maintain continuing jurisdiction over this matter to the extent necessary to enforce the terms and/or address alleged breaches of this protective order.

This order shall not govern in connection with dispositive motions or at trial. If a party desires protection in connection with those proceedings, the party shall seek such protection separately, from the judicial officer who will preside over those proceedings. *See Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

Dated: October 25, 2010

_____
**HON. RALPH ZAREFSKY**
United States Magistrate Judge

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28