1 | Kenneth A. Maranga, Esq. (SBN 94116)
Ken.maranga@marmorlaw.com
2 | Patricia E. Ellyatt, Esq. (SBN 112552)
pellyatt@marmorlaw.com
3 | John F. Peterson, Esq. (SBN 169452)
John.peterson@marmorlaw.com
4 | Carrie A. McQuaid, Esq. (SBN 254066)
cmcquaid@marmorlaw.com
5 | Stephanie Charles, Esq. (SBN 106417)
scharles@marmorlaw.com
6 | MARANGA • MORGENSTERN
5850 Canoga Ave., Suite 600
7 | Woodland Hills, CA 91367
(818) 587-9146 ■ Fax: (818) 587-9147
8 |
Attorneys for Defendants,
9 | COUNTY OF LOS ANGELES,
LOS ANGELES COUNTY CORONER
10 | DEPARTMENT, ANTHONY HERNANDEZ, and
LAKSHMANAN SATHYAVAGISWARAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY, INTERFAITH COMMUNITIES UNITED FOR JUSTICE AND PEACE, ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, AND CANGRESS

Plaintiffs,

vs.

CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, WILLIAM BRATTON, JOSEPH CRUZ, DAVID ROMO, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, LAKSHMANAN SATHYAVAGISWARAN, and DOES 1 through 10,

Defendants.

Case No.: CV 09-1592 RGK (RZx)

COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE AT-SCENE, POST-MORTEM, OR AUTOPSY PHOTOGRAPHS; [PROPOSED] ORDER

Date:      January 11, 2011
Time:      9:00 a.m.
Location:  Courtroom 850
Judge:     Honorable R. Gary Klausner

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, and LAKSHMANAN SATHYAVAGISWARAN, hereby move this Court for an order excluding any and all evidence, references to evidence, testimony or argument relating to at-scene, post-mortem, or autopsy photographs of the decedent.

This Motion is based upon the grounds that these photographs are unrelated to the case herein as defined by the pleadings and are therefore irrelevant. Further grounds exist in that coroner's duties differ from those of a mortuary or cemetery, there being no duty to handle remains in a certain manner, and photographs purporting to show the condition of a body are for that reason irrelevant. Allowing the evidence in this case would prejudice the defendants and cause jury confusion.

This Motion is made under the provisions of Federal Rules of Evidence 401-404 and is based upon the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such other argument and evidence as may be presented prior to or at the hearing of this matter.

////
////
////
////
////
////
////
////
////
////
////

1    The parties have met and conferred in a pre-filing conference via correspondence

2  pursuant to Local Rule 7-3 on November 19, 2010.

3

4  DATED: November 22, 2010          Respectfully submitted.

5                                    MARANGA • MORGENSTERN
                                     A Professional Law Corporation
6

7                                    By _____

8                                       Kenneth A. Maranga
                                        Patricia E. Ellyatt
9                                       John F. Peterson
                                        Carrie A. McQuaid
10                                      Stephanie Charles
                                        Attorneys for Defendants
11                                      COUNTY OF LOS ANGELES, LOS
                                        ANGELES COUNTY CORONER
12                                      DEPARTMENT, ANTHONY
                                        HERNANDEZ, and LAKSHMANAN
13                                      SATHYAVAGISWARAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTY DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE AT-SCENE, POST-MORTEM, OR
AUTOPSY PHOTOGRAPHS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    <u>PRELIMINARY STATEMENT</u>

In their Second Amended Complaint, plaintiffs do not complain that the manner in which the Coroner's Department handled their decedents remains violated their Civil Rights or otherwise caused them injury or damages.  The allegations against the County defendants are, as to the family plaintiffs, that they suffered "familial deprivation, loss of society and comfort, pain and suffering, loss of the right to timely prepare an dbury [their decedent] per religious dictates, humiliation, damage to name and reputation in the community, burial expenses and other expenses associated with burial. (SAC, p.24, lines 1-25.)

Put simply, plaintiffs' complaint against the County defendants is that they delayed in notifying the family, thus prohibiting the decedent from being buried in threee days, according to religious dictates.

In addition to the lack of relevance based upon the pleadings, further grounds exist in that coroner's duties differ from those of a mortuary or cemetery, there being no duty to handle remains in a certain manner, and photographs purporting to show the condition of a body are for that reason irrelevant

For all of the foregoing reasons, any photographs showing decomposition, a naturally occurring event, would have no relevance and would only serve to inflame the jury.

### II.    <u>THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION.</u>

The court has the inherent power to grant a Motion in Limine to Exclude Evidence that could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed. 2d 443 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-594 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103© and 104© allow the court to hear and determine the question of admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of the University System of Georgia*, 629 F.2d

1 │ 999-1001 (5ᵗʰ Cir. 1980).

2 │ **III.   IRRELEVANT EVIDENCE IS NOT ADMISSIBLE.**

3 │ Federal Rule of Evidence 402 states, in pertinent part, "Evidence which is not

4 │ relevant is not admissible."  Relevant evidence is defined by Federal Rule of Evidence

5 │ 401 as:

6 │ "Evidence having any tendency to make the existence of any

7 │ fact that is of consequence to the determination of the action

8 │ more probable or less probable than it would be without the

9 │ evidence."

10 │ See *Huddleston v. U.S.*, 485 U.S. 681, 682-692, 108 S. Ct. 1496, 99 L. Ed. 2d 771

11 │ (1988).  The court has no discretion to admit irrelevant evidence.  *U.S. v. Dean*, 980

12 │ F.2d 1286, 1288-1289 (9ᵗʰ Cir. 1992).

13 │ Here, there are two grounds of irrelevancy: 1. The pleadings do not complain of

14 │ mishandling of remains.  2. A coroner owes no duty to handle remains in a certain

15 │ manner.

16 │ A.   The Evidence is not within the Issues Raised in the Pleadings

17 │ Rule 15b(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

18 │ "If, at trial, a party objects that evidence is not within the issues

19 │ raised in the pleading, the court may permit the pleadings to be

20 │ amended."

22 │ Since there was no mishandling of remains issue raised in the pleadings, the

23 │ photographs should be excluded barring amendment of the complaint.

24 │ B.   The Coroner Has No Duty To Handle Remains in a Certain Manner

25 │ Under California law, corners have no duty to handle the decedent's remains in

26 │ a respectful and dignified manner.  For example, the coroner is entitled to remove body

27 │ parts and retain them as "necessary or advisable for scientific investigation and

28 │ training." *See* Cal. Gov't Code §27491.45(a)(1)(West 2008); *see Huntly v. Zurich Gen.*

1  *A. & L. Ins. Co.,* 100 Cal.App. 201, 204, 280 P. 163 (1929)(family has no right to

2  prohibit government from performing an invasive autopsy and removing brain, heart,

3  lung, spleen, kidney, and liver specimens to determine the cause of death); *see Gray v.*

4  *S. Pac. Co.,* 21 Cal.App.2d 240, 68 P.2d 1011 (1937) (coroner and his surgeons cannot

5  be held liable for widow's shock, disgust, and anguish upon seeing her husband's body

6  after an autopsy that mutilated his body and head); *see also Benson v. Super. Ct.,* 185

7  Cal.App.4th 1179, 111 Cal.Rptr.3d 27, 28 (2010) ("A county coroner, conducting an

8  inquiry into cause of death, has no duty to obtain consent from next of kin before

9  retaining a part of the decedent's body to determine cause of death, or for scientific

10  investigation or coroner training.").

11       Federal law is in agreement.  In a case involving the military's handling of

12  remains, a Federal Court of Appeal for the Ninth Circuit found *Christensen v. Super.*

13  *Ct.,* to be specifically not applicable to cases **not** involving mortuaries or cemeteries. 54

14  Cal.3d 868, 2 Cal.Rptr.2d 79 (1991).  The court in *Sabow v. United States of Am.,*

15  observed, "Not only is the handling of an individual's remains during an investigation

16  into his death different from mortuary services, but, unlike the defendant in *Christensen*,

17  the U.S. Navy was under no contractual obligation to treat decedent's remains in a

18  certain manner during the investigation." 93 F.3d 1445, 1458 (9th Cir. 1996).

19       The unfortunate fact is that coroners investigate deaths and during their

20  investigations, bodies decompose despite best efforts.  Further a coroner must of

21  necessity mutilate bodies in performing autopsies.  For these public policy reasons

22  coroners are not held to have a duty to treat remains in a dignified manner.

23  **IV.**      **EVEN RELEVANT EVIDENCE MAY BE EXCLUDED IF ITS**

24  **PROBATIVE VALUE IS OUTWEIGHED BY ITS PREJUDICIAL EFFECT.**

25       Where the probative value of evidence is outweighed by its prejudicial effect, it

26  is proper to exclude it. Federal Rule of Evidence 403 provides:

27            "Although relevant, evidence may be excluded if its probative

28            value is substantially outweighed by the danger of unfair

1  prejudice, confusion of the issues, or misleading the jury, or
2  by considerations of undue delay, waste of time, or needless
3  presentation of cumulative evidence."

4  Here, reference to at-scene, post-mortem, or autopsy photographs, even if felt to
5  be relative, is of such slight probative value that it would be an abuse of discretion to
6  admit such evidence.  As the court stated in *U.S. v. Hitt,* 981 F.2d 422, 424 (9th Cir.
7  1992):

8  "The district judge has wide latitude in making Rule 403
9  decisions. [Citation omitted.] But this latitude isn't unlimited.
10  Where the evidence is of very slight (if any) probative value,
11  it's an abuse of discretion to admit it if there's even a modest
12  likelihood of unfair prejudice or a small risk of misleading the
13  jury." (*Id.*)

14  Autopsy photographs are of such a sensitive nature that, in California, a court
15  order is required for their release.  Cal. Code Civil Proc. §129 provides, in pertinent
16  part:

17

18  "Notwithstanding any other provision of law, no copy...
19  shall be made of any photograph...of the body...of a deceased
20  person, taken by or for the coroner at the scene of death or in
21  the course of a post mortem examination or autopsy...except
22  as a court of this state permits by order after good cause has
23  been shown..."

24  The family members who viewed the corpse can readily attest to its condition, if
25  the court believes there to be some relevance to that line of questioning.  There is no
26  need to inflame the passions of the jury by showing them at-scene, post-mortem, or
27  autopsy photographs.  In this regard, the photographs would only be cumulative
28  testimony and would unnecessarily consume time.

## V.    THE SUBJECT PHOTOGRAPHS ARE CUMULATIVE AND UNNECESSARILY CONSUME TIME

Federal Rule of Evidence 611(a) states, in pertinent part:

> "The court shall exercise reasonable control over the mode
> and order in interrogating witnesses and presenting evidence
> so at to...(2) avoid needless consumption of time..."

Here, as indicated above, the witness can describe the condition of the decedent's body, if the court believes that to be relevant to the issues.  Dwelling on gruesome photographs wastes the courts time and is unduly prejudicial.

In *U.S. v. Layton*, 767 F.2d 549, 551-56 (9th Cir. 1985), the court upheld exclusion of an audiotape that was highly inflammatory, not only because it was prejudicial and likely to confuse the issues, but also because it was cumulative of other evidence that would have a less prejudicial effect.

In *U.S, v Hands*, 184 F.3d 1322, 1325-29 (11th Cir. 1999) corrected, 194, F.3d 1186 (11th Cir. 1999), photographs suggestive of spousal abuse were improperly admitted by the trial court because they were unfairly prejudicial, highly inflammatory, and cumulative.

///
///
///
///
///
///
///
///
///
///
///

1

## VI.   **CONCLUSION**

2        Based on the foregoing, the County defendants respectfully request that this court

3   exclude any testimony or documentary evidence, or mention of any evidence, regarding

4   any at-scene, post-mortem, or autopsy photographs of the decedent.

5

6   DATED: November 22, 2010            Respectfully submitted.

7                                       MARANGA • MORGENSTERN
                                        A Professional Law Corporation
8

9                                       By

10                                          Kenneth A. Maranga
                                            Patricia E. Ellyatt
11                                          John F. Peterson
                                            Carrie A. McQuaid
12                                          Stephanie Charles
                                            Attorneys for Defendants
13                                          COUNTY OF LOS ANGELES, LOS
                                            ANGELES COUNTY CORONER
14                                          DEPARTMENT,    ANTHONY
                                            HERNANDEZ, and LAKSHMANAN
15                                          SATHYAVAGISWARAN

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA          )
                             )  ss.
3

COUNTY OF LOS ANGELES )

4        I am employed in the County of Los Angeles, State of California.  I am over the
5  age of 18 and not a party to the within action; my business address is 5850 Canoga Ave.,
   Suite 600, Woodland Hills, CA 91367.

6        On November 22, 2010, I served the foregoing document described COUNTY
   DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE AT-SCENE, POST-
7  MORTEM, OR AUTOPSY PHOTOGRAPHS, on all parties in this action by placing
   a true copy thereof, enclosed in a sealed envelope, addressed as follows:
8

   Donald Cook, Esq.                              Attorneys for Plaintiffs
9  3435 Wilshire Boulevard, Suite 2900
   Los Angeles, CA 90010
10 Tel: (213) 252-9444; Fax: (213) 252-0091
   manncook@earthlink.net
11
   Ameena M. Qazi, Esq.                           Attorneys for Plaintiff
12 COUNCIL  ON  AMERICAN-ISLAMIC
   RELATIONS, CALIFORNIA
13 2180 W. Crescent Avenue, Suite F
   Anaheim, CA 92801
14 Tel: (714) 776-1847; Fax: (714) 776-8340
   aqazi@cair.com
15

16  X   (By Mail) As to the above listed individuals only, by placing a true copy thereof
        enclosed in a sealed envelope.  I am "readily familiar" with the firm's practice of
17      collection and processing of mailing.  Under the practice it would be deposited
        with the U.S. Postal Service on that same day with postage thereon fully prepared
18      at Woodland Hills, California in the ordinary course of business. I am aware that
        on motion of the party served, service is presumed invalid if postal cancellation
19      date or postage meter is more than one day after day of deposit for mailing an
        affidavit.
20

21 The below listed individuals are registered with the Court to receive notice of
   electronically filed documents and will therefore be served via the Court's ECF System:

22 Olu K. Orange, Esq.                            Attorneys for Plaintiffs
   3435 Wilshire Boulevard, Suite 2900
23 Los Angeles, CA 90010
   Tel: (213) 736-9900; Fax: (213) 406-1250
24 oluorange@att.net

25 Robert Mann, Esq.                              Attorneys for Plaintiffs
   3435 Wilshire Boulevard, Suite 2900
26 Los Angeles, CA 90010
   Tel: (213) 252-9444; Fax: (213) 252-0091
27 manncook@earthlink.net

                                    [Chandhry v. City of Los Angeles - CV 09-1592 RGK (RZx)]
28

COUNTY DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE AT-SCENE, POST-MORTEM, OR
AUTOPSY PHOTOGRAPHS

1  Paula D. Pearlman, Esq.                    Attorneys for Plaintiffs
   DISABILITY RIGHTS LEGAL CENTER
2  919 Albany Street
   Los Angeles, CA 90015
3  Tel: (213) 736-1031; Fax: (213) 736-1428
   paula.pearlman@lls.edu
4
   Craig J. Miller, Deputy City Attorney      Attorneys for Defendant, City of Los
5  Wendy Shapero, Deputy City Attorney        Angeles
   OFFICE OF THE CITY ATTORNEY
6  200 N. Main Street
   6th Floor, City Hall East
7  Los Angeles, CA 90012
   Tel: (213) 978-7038; Fax: (213) 978-8785
8  craig.miller@lacity.org

9  Peter J. Ferguson, Esq.                    Attorneys for Defendant, Joseph Cruz
   Diana L. Field, Esq.
10 FERGUSON, PRAET & SHERMAN
   1631 E. 18th Street
11 Santa Ana, CA 92705
   Tel: (714) 953-5300; Fax: (714) 953-1143
12 peterferg@aol.com

13 Honorable R. Gary Klausner **(to Courtesy Copy Box)**
   UNITED STATES DISTRICT COURT
14 Courtroom 850
   255 E. Temple Street
15 Los Angeles, CA 90012

16 Honorable Ralph Zarefsky **(to Courtesy Copy Box)**
   UNITED STATES DISTRICT COURT
17 Courtroom 540
   255 E. Temple Street
18 Los Angeles, CA 90012

19
        ____  By Telefax.   I forwarded such document by telefax to the offices of the
20   addressee(s) at telefax number    at the telefax number(s) indicated above.

21   ____  By Personal Service.  I delivered such envelope by hand to the addressee(s).

22   __   By Overnight Courier.  I caused the above-referenced document(s) to be delivered
     to an overnight courier service for delivery to the above addressee(s).
23
        (Federal) I declare under penalty of perjury that the foregoing is true and correct,
24   and that I am employed in the office of a member of the bar of this Court at whose
     direction the service was made.
25
        Executed on November 22, 2010, at Woodland Hills, California.
26
27                                 Stephanie Patenaude
28 [Chaudhry v. City of Los Angeles - CV 09-1592 RGK (RZx)]

- 11 -
COUNTY DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE AT-SCENE, POST-MORTEM, OR
AUTOPSY PHOTOGRAPHS