Kenneth A. Maranga, Esq. (SBN 94116)
Ken.maranga@marmorlaw.com
Patricia E. Ellyatt, Esq. (SBN 112552)
pellyatt@marmorlaw.com
John F. Peterson, Esq. (SBN 169452)
John.peterson@marmorlaw.com
Carrie A. McQuaid, Esq. (SBN 254066)
cmcquaid@marmorlaw.com
Stephanie Charles, Esq. (SBN 106417)
scharles@marmorlaw.com
MARANGA • MORGENSTERN
5850 Canoga Ave., Suite 600
Woodland Hills, CA  91367
(818) 587-9146 ■ Fax: (818) 587-9147

Attorneys for Defendants,
COUNTY OF LOS ANGELES,
LOS ANGELES COUNTY CORONER
DEPARTMENT, ANTHONY HERNANDEZ, and
LAKSHMANAN SATHYAVAGISWARAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY, INTERFAITH COMMUNITIES UNITED FOR JUSTICE AND PEACE, ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, AND CANGRESS<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, WILLIAM BRATTON, JOSEPH CRUZ, DAVID ROMO, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, LAKSHMANAN SATHYAVAGISWARAN,  and DOES 1 through 10,<br><br>Defendants. | Case No.: CV 09-1592 RGK (RZx)<br><br>COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF CONVERSION UNTIL JURISDICTION IS ESTABLISHED; [PROPOSED] ORDER<br><br>[Filed Concurrently with Declaration of Stephanie Charles in Support of Motion in Limine No. 5]<br><br>Date:      January 11, 2011<br>Time:      9:00 a.m.<br>Location:  Courtroom 850<br>Judge:     Honorable R. Gary Klausner |

- 1 -

MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF CONVERSION UNTIL JURISDICTION IS ESTABLISHED

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF
RECORD:

PLEASE TAKE NOTICE that defendants, COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, and
LAKSHMANAN SATHYAVAGISWARAN, hereby move this Court for an order
excluding any and all evidence, references to evidence, testimony or argument relating
to plaintiffs' claim of conversion/trespass to chattels unless and until plaintiffs meet
jurisdictional requirements of demonstrating that a governmental claim therefor.

This Motion is based upon the grounds that plaintiffs may not pursue their
conversion/trespass to chattels claim without satisfying the condition precedent of the
filing of a timely written claim as to that cause of action with the public entity. Without
satisfying this condition precedent, the Court lacks jurisdiction over the conversion
claim.

This Motion is made under the provisions found at California Government Code
Section 945.4 and is based upon the supporting Memorandum of Points and Authorities,
the pleadings and papers on file in this action, and upon such other argument and
evidence as may be presented prior to or at the hearing of this matter.

The parties have met and conferred in a pre-filing conference via correspondence
pursuant to Local Rule 7-3 on November 19, 2010.

DATED: November 22, 2010          Respectfully submitted.

MARANGA • MORGENSTERN
A Professional Law Corporation

By _____
Kenneth A. Maranga
Patricia E. Ellyatt
John F. Peterson
Carrie A. McQuaid
Stephanie Charles
Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY CORONER
DEPARTMENT, ANTHONY
HERNANDEZ, and LAKSHMANAN
SATHYAVAGISWARAN          MIL 005 .wpd

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      PRELIMINARY STATEMENT

In the instant case, while plaintiffs did file a written governmental claim with the Board of Supervisors for the County of Los Angeles, nowhere mentioned in that claim was any complaint regarding conversion or trespass to chattels.

California Government Code Section 945.4 prohibits any suit for money or damages being brought without first presenting a written claim therefor to the public entity.

California law is clear that the filing of a timely claim against the public entity is a condition precedent to any tort action against either the public entity or the entity's employee.

Since plaintiffs' governmental claim made no mention of the claim for conversion/trespass to chattels, and since the facts as set forth in the claim did not put the County on notice that there was any issue as to conversion/trespass to chattels, this Court lacks jurisdiction over the conversion/trespass to chattels claim.

### II.      THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION.

The court has the inherent power to grant a Motion in Limine to Exclude Evidence that could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed. 2d 443 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-594 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of the University System of Georgia*, 629 F.2d 999-1001 (5th Cir. 1980).

### III.      CALIFORNIA LAW REQUIRES THE FILING OF A WRITTEN CLAIM WITH A GOVERNMENTAL ENTITY PRIOR TO SUIT FOR MONEY OR DAMAGES BEING BROUGHT.

California Government Code Section 945.4 provides:

1    "Except as provided in Sections 946.4 and 946.6, no suit for
2    money or damages may be brought against a public entity on
3    a cause of action for which a claim is required to be presented
4    in accordance with Chapter One (commencing with Section
5    900) and Chapter Two (commencing with Section 910) of
6    Part Three of this division until a written claim therefor has
7    been presented to the public entity and has been acted upon
8    by the Board, or has been deemed to have been rejected by
9    the Board, in accordance with Chapters One and Two of Part
10   Three of this division."

11   California Government Code Section 900 merely provides the definitions
12   governing construction of the part, while Section 910 provides what must be included
13   in the claim presented.

14   California Government Code Section 910, as part of the contents of the claim,
15   demands inclusion of:

16   "(d) A general description of the indebtedness, obligation,
17   injury, damage or loss incurred so far as it may be known at
18   the time of presentation of the claim."

19   In the governmental claim filed by the plaintiffs herein, the plaintiffs described
20   their injuries and damages as follows:

21   "As a result of the aforesaid conduct, Claimants and
22   Mohammad Usman Chaudhry suffered: invasion of privacy,
23   invasion of bodily integrity, and delayed and ill-affected
24   ascension to heaven (deceased only), extreme emotional
25   distress, humiliation, pain and suffering, loss of wages and
26   business, defamation and damage to reputation, violation of
27   rights under the U.S. Constitution, violation of rights under
28   the California Constitution.   Claimants and Mohammad

- 4 -

1    Usman Chaudhry suffered damages and incurred injury as
2    specified by all applicable   Federal and State statutes,
3    including, but not limited to: the 1st, 4th and 14th amendments
4    to the United States Constitution, and 42 U.S.C. §§ 1983 and
5    1985 and California Civil Code Sections 51, 51.7, 52, and
6    52.1.

7    As a result of the above injuries and losses, claimants suffered
8    damages in amounts exceeding $10,000 and to be proven at
9    trial (stated as such per Cal GOV CODE §910(f)."

10   In *Fall River Joint Unified School District v. Superior Court* (1988) 206
11   Cal.App.3d 431, 433, the court discussed the requirements of Government Code Section
12   945.4.  The court wrote:

13   "Government Code Section 945.4 requires, as a prerequisite
14   to maintenance of an action against a public entity for
15   damages arising out of alleged tort, the timely filing of a
16   claim, and its rejection.  Section 910 provides that the claim
17   must include a general description of the injuries and the
18   names of the public employees who caused them.
19   Furthermore, 'if a plaintiff relies on more than one theory of
20   recovery against the [governmental agency], each cause of
21   action must have been reflected in a timely claim.   In
22   addition, the factual circumstances set forth in the written
23   claim must correspond with the facts alleged in the
24   Complaint; even if the claim were timely, the Complaint is
25   vulnerable to a Demurrer [or Motion for Judgment on the
26   Pleadings] if it alleges a factual basis for recovery, which is
27   not fairly reflected in the written claim.' [Citations omitted.]"
28   (*Id.*)

1    Here, there was no mention made in the governmental claim filed of conversion
2    or trespass to chattels.  Accordingly, the condition precedent to filing the Complaint has
3    not been met.
4    In *Williams v. Horvath* (1976) 16 Cal.3d 834, 838, the California Supreme Court
5    had occasion to provide a synopsis of the Tort Claims Act.  The court concluded that
6    submission of a claim is a condition precedent to a tort action against either the
7    employee or the public entity.  The court wrote:

8         "We begin that process with a brief synopsis of relevant
9         portions of the state statutory scheme known as the Tort
10        Claims Act . . . This body of legislation was enacted following
11        our decision in *Muskopf v. Corning Hospital District* (1961)
12        55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], which
13        abolished the doctrine of governmental tort immunity.
14        Government Code Section 815 restores sovereign immunity
15        in California except as provided in the Tort Claims Act or
16        other statute.  Thus, the intent of the act is not to expand the
17        rights of plaintiffs in suits against governmental entities, but
18        to confine potential governmental liability to rigidly
19        delineated circumstances: immunity is waived only if the
20        various requirements of the act are satisfied.

21                                    *  *  *

22        Section 945.4 implements this requirement by declaring that
23        absent such a timely claim, no action for damages can be filed
24        against the public entity. . . Accordingly, submission of a
25        claim. . . is a ***condition precedent*** to a tort action against
26        either the employee or the public entity."  (*Id.*  Emphasis
27        added.)
28   "If a claimant fails to timely file a claim with the public entity, and its claim is

1    consequently rejected by the public entity for that reason, courts are without jurisdiction

2    to hear the claimant's cause of action." [*Neveu v. City of Fresno*, 392 F.Supp.2d 1159

3    at 1173 (E.D.Cal. 2005)].

4          In *Hernandez v. McClanahan*, (1996) F.Supp. 975 (N.D.Cal. 1998), the District

5    Court commented about the California Tort Claims Act.  The court wrote:

6                "Like other states, California enjoys sovereign immunity

7                against tort claims for money damages.   The   CTCA

8                represents a limited waiver of this immunity.  Plaintiffs can

9                therefore bring tort claims against state and local public

10               entities only if the plaintiffs comply with the strict procedural

11               requirements enumerated in the CTCA . . . Among the

12               procedural requirements for suit is the CTCA's requirement

13               that a claimant file a written claim with the proper public

14               entity. . . Compliance with the CTCA filing requirements is

15               mandatory; failure to present a claim within the six month

16               period is a bar to future tort suits.  See *San Jose v. Superior

17               Court,* 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701

18               (1974)." (*Id.* at page 977.)

19         The plaintiffs' governmental claim made no mention of a claim for

20   conversion/trespass to chattels.  Neither did the facts as set forth in the claim put the

21   County on notice that there was any issue as to conversion/trespass to chattels.  "If a

22   plaintiff relies on more than one theory of recovery. . . each cause of action must have

23   been reflected in a timely claim [and] the factual circumstances set forth in the written

24   claim must correspond with the facts alleged in the Complaint; even if the claim were

25   timely, the Complaint is vulnerable [to dismissal] if it alleges a factual basis for

26   recovery, which is not fairly reflected in the written claim."  *Goehring v. Right,* 858

27   F.Supp. 989, 1005 (N.E. Cal. 1994) quoting *Nelson v. State of California,* 139

28   Cal.App.3d 72, 188 Cal.Rptr. 479, 483 (1982).

MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF CONVERSION UNTIL JURISDICTION IS ESTABLISHED

1

## IV.    CONCLUSION

2       Based on the foregoing, the County defendants respectfully request that this court

3   exclude any testimony or documentary evidence, or mention of any evidence, regarding

4   conversion/trespass to chattels unless and until plaintiffs can provide evidence that a

5   governmental claim therefor was timely presented to the Board of Supervisors.

6

7   DATED: November 22, 2010          Respectfully submitted.

8                                      MARANGA • MORGENSTERN
                                       A Professional Law Corporation
9

10

                                       By
11                                        Kenneth A. Maranga
                                          Patricia E. Ellyatt
12                                        John F. Peterson
                                          Carrie A. McQuaid
13                                        Stephanie Charles
                                          Attorneys for Defendants
14                                        COUNTY OF LOS ANGELES, LOS
                                          ANGELES COUNTY CORONER
15                                        DEPARTMENT,   ANTHONY
                                          HERNANDEZ, and LAKSHMANAN
16                                        SATHYAVAGISWARAN

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Ave., Suite 600, Woodland Hills, CA 91367.

On November 22, 2010, I served the foregoing document described as **COUNTY DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF CONVERSION UNTIL JURISDICTION IS ESTABLISHED**, on all parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Donald Cook, Esq.                        Attorneys for Plaintiffs
3435 Wilshire Boulevard, Suite 2900
Los Angeles, CA 90010
Tel: (213) 252-9444; Fax: (213) 252-0091
manncook@earthlink.net

Ameena M. Qazi, Esq.                     Attorneys for Plaintiff
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, CALIFORNIA
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Tel: (714) 776-1847; Fax: (714) 776-8340
aqazi@cair.com

__X__   (By Mail) As to the above listed individuals only, by placing a true copy thereof enclosed in a sealed envelope. I am "readily familiar" with the firm's practice of collection and processing of mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after day of deposit for mailing an affidavit.

The below listed individuals are registered with the Court to receive notice of electronically filed documents and will therefore be served via the Court's ECF System:

Olu K. Orange, Esq.                      Attorneys for Plaintiffs
3435 Wilshire Boulevard, Suite 2900
Los Angeles, CA 90010
Tel: (213) 736-9900; Fax: (213) 406-1250
oluorange@att.net

Robert Mann, Esq.                        Attorneys for Plaintiffs
3435 Wilshire Boulevard, Suite 2900
Los Angeles, CA 90010
Tel: (213) 252-9444; Fax: (213) 252-0091
manncook@earthlink.net

[Chaudhry v. City of Los Angeles - CV 09-1592 RGK (Rzx)]

MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF CONVERSION UNTIL JURISDICTION IS ESTABLISHED

| | | |
|---|---|---|
| 1 | Paula D. Pearlman, Esq. | Attorneys for Plaintiffs |
| 2 | DISABILITY RIGHTS LEGAL CENTER<br>919 Albany Street | |
| 3 | Los Angeles, CA 90015<br>Tel: (213) 736-1031; Fax: (213) 736-1428 | |
| 4 | paula.pearlman@lls.edu | |
| 5 | Craig J. Miller, Deputy City Attorney<br>Wendy Shapero, Deputy City Attorney | Attorneys for Defendant, City of Los Angeles |
| 6 | OFFICE OF THE CITY ATTORNEY<br>200 N. Main Street | |
| 7 | 6th Floor, City Hall East<br>Los Angeles, CA 90012 | |
| 8 | Tel: (213) 978-7038; Fax: (213) 978-8785<br>craig.miller@lacity.org | |
| 9 | Peter J. Ferguson, Esq.<br>Diana L. Field, Esq. | Attorneys for Defendant, Joseph Cruz |
| 10 | FERGUSON, PRAET & SHERMAN<br>1631 E. 18th Street | |
| 11 | Santa Ana, CA 92705<br>Tel: (714) 953-5300; Fax: (714) 953-1143 | |
| 12 | peterferg@aol.com | |

Honorable R. Gary Klausner **(to Courtesy Copy Box)**
UNITED STATES DISTRICT COURT
Courtroom 850
255 E. Temple Street
Los Angeles, CA 90012

Honorable Ralph Zarefsky **(to Courtesy Copy Box)**
UNITED STATES DISTRICT COURT
Courtroom 540
255 E. Temple Street
Los Angeles, CA 90012

_____ By Telefax.   I forwarded  such document by telefax to the offices of the addressee(s) at telefax number     at the telefax number(s) indicated above.

_____ By Personal Service.  I delivered such envelope by hand to the addressee(s).

___ By Overnight Courier.  I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above addressee(s).

(Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 22, 2010, at Woodland Hills, California.

Stephanie Patenaude

[Chaudhry v. City of Los Angeles - CV 09-1592 RGK (RZx)]

- 10 -