1   Kenneth A. Maranga, Esq. (SBN 94116)
    Ken.maranga@marmorlaw.com
2   Patricia E. Ellyatt, Esq. (SBN 112552)
    pellyatt@marmorlaw.com
3   John F. Peterson, Esq. (SBN 169452)
    John.peterson@marmorlaw.com
4   Carrie A. McQuaid, Esq. (SBN 254066)
    cmcquaid@marmorlaw.com
5   Stephanie Charles, Esq. (SBN 106417)
    scharles@marmorlaw.com
6   MARANGA • MORGENSTERN
    5850 Canoga Ave., Suite 600
7   Woodland Hills, CA  91367
    (818) 587-9146 ■ Fax: (818) 587-9147
8
    Attorneys for Defendants,
9   COUNTY OF LOS ANGELES,
    LOS ANGELES COUNTY CORONER
10  DEPARTMENT, ANTHONY HERNANDEZ, and
    LAKSHMANAN SATHYAVAGISWARAN

11

## UNITED STATES DISTRICT COURT

12

## CENTRAL DISTRICT OF CALIFORNIA

13

14

| | |
|---|---|
| 15   RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY, INTERFAITH COMMUNITIES UNITED FOR JUSTICE AND PEACE, ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, AND CANGRESS | **Case No.: CV 09-1592 RGK (RZx)** |

15
16
17
18
19

20          Plaintiffs,

21     vs.

22  CITY OF LOS ANGELES, LOS
    ANGELES POLICE DEPARTMENT,
23  WILLIAM BRATTON, JOSEPH CRUZ,
    DAVID ROMO, COUNTY OF LOS
24  ANGELES, LOS ANGELES COUNTY
    CORONER DEPARTMENT,
25  ANTHONY HERNANDEZ,
    LAKSHMANAN
26  SATHYAVAGISWARAN,  and DOES 1
    through 10,
27
28          Defendants.

**Case No.: CV 09-1592 RGK (RZx)**

COUNTY DEFENDANTS' NOTICE
OF MOTION AND MOTION IN
LIMINE NO. 6 TO EXCLUDE
EVIDENCE OF NEWSPAPER
ARTICLES, MEDIA REPORTS,
CORONER REPORTS, AND OTHER
HEARSAY MATERIAL;
[PROPOSED] ORDER

Date:        January 11, 2011
Time:        9:00 a.m.
Location:    Courtroom 850
Judge:       Honorable R. Gary
             Klausner

- 1 -

1  TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF
2  RECORD:

3       PLEASE TAKE NOTICE that defendants, COUNTY OF LOS ANGELES, LOS
4  ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, and
5  LAKSHMANAN SATHYAVAGISWARAN, hereby move this Court for an order
6  excluding any and all evidence, references to evidence, testimony or argument relating
7  to newspaper articles, media reports, coroner's reports, and other hearsay material.

8       This Motion is based upon the grounds that such materials are hearsay without
9  recognized exception, and are therefore inadmissable.

10       This Motion is made under the provisions of Federal Rules of Evidence 801 and
11  802 and is based upon the supporting Memorandum of Points and Authorities, the
12  pleadings and papers on file in this action, and upon such other argument and evidence
13  as may be presented prior to or at the hearing of this matter.

14       The parties have met and conferred in a pre-filing conference via correspondence
15  pursuant to Local Rule 7-3 on November 19, 2010.

16

17  DATED: November 22, 2010          Respectfully submitted.

18                         MARANGA • MORGENSTERN
19                         A Professional Law Corporation

20

21                         By_____
                           Kenneth A. Maranga
22                             Patricia E. Ellyatt
                           John F. Peterson
23                             Carrie A. McQuaid
                           Stephanie Charles
24                             Attorneys for Defendants
                           COUNTY OF LOS ANGELES, LOS
25                             ANGELES COUNTY CORONER
                           DEPARTMENT,   ANTHONY
26                             HERNANDEZ,  and  LAKSHMANAN
                           SATHYAVAGISWARAN

27  MIL 006.wpd

28

COUNTY DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF NEWSPAPER
ARTICLES, MEDIA REPORTS, CORONER REPORTS, AND OTHER HEARSAY MATERIAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

Counsel for the County defendants is concerned that plaintiffs may seek to introduce evidence of newspaper articles, media reports, coroner's reports, and other material, which materials are inadmissable hearsay without recognized exception.

Such material is inherently unreliable. In the case of newspaper articles and the like, a journalist has intervened and, like the child's game "Operator" in which the message becomes altered due to various people repeating it, such is the case when you have the intervention of a journalist, an editor, and others. Also, there is no ability to cross-examine an article.

With the case of the published coroner reports, these were only posted up to 2006; therefore, they would be too remote to be relevant, in addition to being hearsay, with the same weaknesses as the published newspaper articles, outlined above.

## II.

## THIS COURT MAY EXCLUDE EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION.

The court has the inherent power to grant a Motion in Limine to Exclude Evidence that could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed. 2d 443 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-594 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of the University System of Georgia*, 629 F.2d 999-1001 (5th Cir. 1980).

///
///
///
///

# III.

## <u>IRRELEVANT EVIDENCE IS NOT ADMISSIBLE.</u>

Federal Rule of Evidence 402 states, in pertinent part, "Evidence which is not relevant is not admissible." Relevant evidence is defined by Federal Rule of Evidence 401 as:

> "Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

See *Huddleston v. U.S.*, 485 U.S. 681, 682-692, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988).  The court has no discretion to admit irrelevant evidence.  *U.S. v. Dean*, 980 F.2d 1286, 1288-1289 (9th Cir. 1992).

# IV.

## <u>THE MEDIA EVIDENCE IS INADMISSABLE HEARSAY WITHOUT RECOGNIZED EXCEPTION.</u>

Federal Rule of Evidence 801 states in relevant part:

"(a) Statement.  A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.

(b) Declarant.  A 'declarant' is a person who makes a statement.

(c) Hearsay. 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted..."

Federal Rule of Evidence 802 states:

"Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by act of Congress."

1    "The rationale of the hearsay rule is...the lack of any opportunity for the adversary
2    to cross-examine the absent declarant, whose out of court statement is introduced into
3    evidence." *Anderson v. U.S.*, 417 U.S. 211, 219-220 94 S. Ct. 2253, 41 L. Ed. 2d 20
4    (1974).

5        Newspaper articles have been acknowledged to be hearsay when the statements
6    contained therein are proffered for the matter asserted. "The newspaper articles, which
7    were rank hearsay and demonstrably inaccurate, did not constitute a basis for recusal."
8    *Miller v. Tony and Susan Alamo Foundation*, 924 Fed 2nd 143 (8th Cir. 1991). "'The
9    newspaper article is hearsay, and cannot be considered on a motion for summary
10   judgment.' [Citation omitted.]" *Barnes Foundation v. Township of Lower Merion*, 242F
11   3d 151 (3rd Cir. 2001).

12       In *New England Mutual Life Insurance Company v. Anderson*, 888F 2d 646, 650
13   (10th Cir. 1989), the Court commented on a Los Angeles Times article involving a
14   murder in Kansas.  The Court found the newspaper article to be inadmissible hearsay,
15   stating:

16       "These purported admissions in the article were recounted in statements of a third
17       party reporter who was unavailable for cross-examination, and the statements
18       were offered to prove the truth of the matters asserted.  The fact that the statement
19       was in the form of a newspaper account reinforces its hearsay character, for the
20       final product is not the reporter's alone, and it was not demonstrated that the
21       statements as reported were accurate.  The article was intended, after all, the
22       capture the interest of Los Angeles readers, who might otherwise have little
23       interest in what occurs in Emporia, Kansas."

24       Moreover, a newspaper article cannot even be used for purposes of impeachment.
25   *U.S. v. Mathis*, 550F 2d 180(C.A.M.d. 1976), at page 182: "A newspaper article
26   connecting a witness to a robbery was inadmissible hearsay, even for purposes of
27   impeachment."
28   ///

## V.

## **EVEN RELEVANT EVIDENCE MAY BE EXCLUDED IF ITS PROBATIVE VALUE IS OUTWEIGHED BY ITS PREJUDICIAL EFFECT.**

Where the probative value of evidence is outweighed by its prejudicial effect, it is proper to exclude it.  Federal Rule of Evidence 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Here, admission of materials such as newspaper articles or coroner reports which are outdated and so remote as to have little probative value, even if felt to be relevant, is of such slight probative value that it would be an abuse of discretion to admit such evidence.  As the court stated in *U.S. v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992):

> "The district judge has wide latitude in making Rule 403 decisions. [Citation omitted.] But this latitude isn't unlimited. Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." (*Id.*)

///
///
///
///
///
///
///

- 6 -

# VI.

## CONCLUSION

Based on the forgoing, the County defendants respectfully request that this court exclude any testimony or documentary evidence, or mention of any evidence regarding newspaper articles, media reports, coroner's reports, and other hearsay material.

DATED: November 22, 2010          Respectfully submitted.

MARANGA • MORGENSTERN
A Professional Law Corporation


By _____
Kenneth A. Maranga
Patricia E. Ellyatt
John F. Peterson
Carrie A. McQuaid
Stephanie Charles
Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, and LAKSHMANAN SATHYAVAGISWARAN

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Ave., Suite 600, Woodland Hills, CA 91367.

     On November 22, 2010, I served the foregoing document described as MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CONVERSION UNTIL JURISDICTION IS ESTABLISHED, on all parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Donald Cook, Esq.                          Attorneys for Plaintiffs
3435 Wilshire Boulevard, Suite 2900
Los Angeles, CA 90010
Tel: (213) 252-9444; Fax: (213) 252-0091
manncook@earthlink.net

Ameena M. Qazi, Esq.                       Attorneys for Plaintiff
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, CALIFORNIA
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Tel: (714) 776-1847; Fax: (714) 776-8340
aqazi@cair.com

  X  (By Mail) As to the above listed individuals only, by placing a true copy thereof enclosed in a sealed envelope.  I am "readily familiar" with the firm's practice of collection and processing of mailing.  Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after day of deposit for mailing an affidavit.

The below listed individuals are registered with the Court to receive notice of electronically filed documents and will therefore be served via the Court's ECF System:

Olu K. Orange, Esq.                        Attorneys for Plaintiffs
3435 Wilshire Boulevard, Suite 2900
Los Angeles, CA 90010
Tel: (213) 736-9900; Fax: (213) 406-1250
oluorange@att.net

Robert Mann, Esq.                          Attorneys for Plaintiffs
3435 Wilshire Boulevard, Suite 2900
Los Angeles, CA 90010
Tel: (213) 252-9444; Fax: (213) 252-0091
manncook@earthlink.net

COUNTY DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF NEWSPAPER ARTICLES, MEDIA REPORTS, CORONER REPORTS, AND OTHER HEARSAY MATERIAL

| | | |
|---|---|---|
| 1 | Paula D. Pearlman, Esq. | Attorneys for Plaintiffs |
| | DISABILITY RIGHTS LEGAL CENTER | |
| 2 | 919 Albany Street | |
| | Los Angeles, CA 90015 | |
| 3 | Tel: (213) 736-1031; Fax: (213) 736-1428 | |
| | paula.pearlman@lls.edu | |
| 4 | | |
| | Craig J. Miller, Deputy City Attorney | Attorneys for Defendant, City of Los |
| 5 | Wendy Shapero, Deputy City Attorney | Angeles |
| | OFFICE OF THE CITY ATTORNEY | |
| 6 | 200 N. Main Street | |
| | 6th Floor, City Hall East | |
| 7 | Los Angeles, CA 90012 | |
| | Tel: (213) 978-7038; Fax: (213) 978-8785 | |
| 8 | craig.miller@lacity.org | |
| 9 | Peter J. Ferguson, Esq. | Attorneys for Defendant, Joseph Cruz |
| | Diana L. Field, Esq. | |
| 10 | FERGUSON, PRAET & SHERMAN | |
| | 1631 E. 18th Street | |
| 11 | Santa Ana, CA 92705 | |
| | Tel: (714) 953-5300; Fax: (714) 953-1143 | |
| 12 | peterferg@aol.com | |
| 13 | Honorable R. Gary Klausner **(to Courtesy Copy Box)** | |
| | UNITED STATES DISTRICT COURT | |
| 14 | Courtroom 850 | |
| | 255 E. Temple Street | |
| 15 | Los Angeles, CA 90012 | |
| 16 | Honorable Ralph Zarefsky **(to Courtesy Copy Box)** | |
| | UNITED STATES DISTRICT COURT | |
| 17 | Courtroom 540 | |
| | 255 E. Temple Street | |
| 18 | Los Angeles, CA 90012 | |

19

20 _____ By Telefax.   I forwarded such document by telefax to the offices of the addressee(s) at telefax number   at the telefax number(s) indicated above.

21 _____ By Personal Service.  I delivered such envelope by hand to the addressee(s).

22 ___ By Overnight Courier. I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above addressee(s).

23

24 (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

25

26 Executed on November 22, 2010, at Woodland Hills, California.

27

28

Stephanie Patenaude

COUNTY DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF NEWSPAPER ARTICLES, MEDIA REPORTS, CORONER REPORTS, AND OTHER HEARSAY MATERIAL