1  Kenneth A. Maranga, Esq. (SBN 94116)
   Ken.maranga@marmorlaw.com
2  Patricia E. Ellyatt, Esq. (SBN 112552)
   pellyatt@marmorlaw.com
3  John F. Peterson, Esq. (SBN 169452)
   John.peterson@marmorlaw.com
4  Carrie A. McQuaid, Esq. (SBN 254066)
   cmcquaid@marmorlaw.com
5  Stephanie Charles, Esq. (SBN 106417)
   scharles@marmor.law.com
6  MARANGA • MORGENSTERN
   5850 Canoga Ave., Suite 600
7  Woodland Hills, CA 91367
   (818) 587-9146 ■ Fax: (818) 587-9147
8
   Attorneys for Defendants,
9  COUNTY OF LOS ANGELES,
   LOS ANGELES COUNTY CORONER
10 DEPARTMENT, ANTHONY HERNANDEZ, and
   LAKSHMANAN SATHYAVAGISWARAN
11

12                    UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15 RUKHSANA CHAUDHRY,                    Case No.: CV 09-1592 RGK (RZx)
   MOHAMMAD AFZAL CHAUDHRY,
16 USMA CHAUDHRY, MOHAMMAD
   UMAR CHAUDHRY, ESTATE OF
17 MOHAMMAD USMAN CHAUDHRY,             COUNTY DEFENDANTS' NOTICE
   INTERFAITH COMMUNITIES              OF MOTION AND MOTION IN
18 UNITED FOR JUSTICE AND PEACE,       LIMINE NO.10 TO EXCLUDE
   ISLAMIC SHURA COUNCIL OF            EVIDENCE RELATING TO THE
19 SOUTHERN CALIFORNIA, AND            DEFENDANTS' WEALTH;
   CANGRESS                            [PROPOSED] ORDER
20
                 Plaintiffs,
21
           vs.
22
   CITY OF LOS ANGELES, LOS
23 ANGELES POLICE DEPARTMENT,
   WILLIAM BRATTON, JOSEPH CRUZ,       Date:      January 11, 2011
24 DAVID ROMO, COUNTY OF LOS           Time:      9:00 a.m.
   ANGELES, LOS ANGELES COUNTY         Location:  Courtroom 850
25 CORONER DEPARTMENT,                 Judge:     Honorable R. Gary
   ANTHONY HERNANDEZ,                             Klausner
26 LAKSHMANAN
   SATHYAVAGISWARAN,  and DOES 1
27 through 10,

28               Defendants.

                                    - 1 -

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, and LAKSHMANAN SATHYAVAGISWARAN, hereby move this Court for an order excluding any and all evidence, references to evidence, testimony or argument relating to evidence of the defendants' wealth.

This Motion is based upon the grounds that evidence of the defendant's wealth and financial status is unrelated to the case herein as defined by the pleadings because evidence of a party's wealth is generally irrelevant to the issue of liability. Allowing the evidence in this case would prejudice the defendants and cause jury confusion.

This Motion is made under the provisions of Federal Rules of Evidence §§ 401-404, California Civil Code §3294 and is based upon the papers and pleadings on file in this action, the accompanying Memorandum of Points and Authorities, and upon such further matters that may be presented at the hearing.

The parties have met and conferred in a pre-filing conference via correspondence pursuant to Local Rule 7-3 on November 19, 2010.

DATED:  November 22, 2010          Respectfully submitted.

MARANGA • MORGENSTERN
A Professional Law Corporation

Kenneth A. Maranga
Patricia E. Ellyatt
John F. Peterson
Carrie A. McQuaid
Stephanie Charles
Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, and LAKSHMANAN SATHYAVAGISWARAN

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

In their Second Amended Complaint, plaintiffs allege that they were prohibited from burying the decedent in three days, according to religious dictates. (Sec.Am.Compl. ¶29.) Plaintiffs seek to collect punitive damages from defendants by alleging that they are liable in their individual capacities. However, plaintiffs often seek to admit evidence of defendants' financial condition as a means of determining an amount that is intended to punish and deter them from committing similar acts.

In order to collect punitive damages on the state law claims, plaintiffs must prove that defendants acted with malice, oppression, or fraud. Cal.Civ.Code §3294. Plaintiffs should make a prima facie showing of malice, oppression, or fraud before admitting evidence of defendants' wealth.

Furthermore, even for the federal claims, this evidence is irrelevant to the issue of liability. It is also proper to exclude relevant evidence when its probative value is outweighed by its prejudicial effect. This evidence is prejudicial as it appeals to the sympathies of the jury. This is an improper purpose and there is a substantial danger that allowing any evidence, testimony, or argument would confuse the issues or mislead the jury. Such evidence is therefore, inadmissable.

### II. AUTHORITY TO GRANT  MOTION IN LIMINE TO EXCLUDE EVIDENCE

The court has the inherent power to grant a Motion in Limine to Exclude Evidence that could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed. 2d 443 (1984); *U.S. v. Lachman*, 48 F.3d 586, 590-594 (1st Cir. 1995).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of the University System of Georgia*, 629 F.2d 999, 1001 (5th Cir. 1980).

1    ///

2    **III.    FEDERAL GROUNDS FOR USING STATE LAW**

3    Rule 302 and *Erie R.R. Co. v. Tompkins,* require that the effect of some
4    presumptions in civil actions are governed by state law where state law provides the rule
5    of decision. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.1188 (1938).This means that *Erie*
6    applies to any claim or issue having its source in state law. Fed.R.Evid. §302 (Advisory
7    Committee's Note).

8    For plaintiffs' state law claims, California Civil Code §3295(a) provides the rule
9    of decision. This code section underscores the policy of excluding financial information
10   by granting courts discretion to exclude evidence of a defendant's financial condition
11   unless and until the plaintiff proves a prima facie case of liability for punitive damages.
12   California law provides that punitive damages may be awarded if the defendants acted
13   with malice, oppression, or fraud. Cal.Civ.Code §3294.  "Malice" requires that the
14   defendants acted with the intent to cause injury or that a defendant's conduct was
15   despicable and was done with a willful and knowing disregard of the rights of another,
16   and "oppression" means that a defendant's conduct was despicable and subjected the
17   plaintiff to cruel and unjust hardship in knowing disregard of its rights. Cal.Civ.Code.
18   §3294; CACI 3947.  As a result, on motion of the defendant, evidence of that
19   defendant's net worth is inadmissible until plaintiffs prove a prima facie case of liability
20   for punitive damages.

21   **IV.    IRRELEVANT EVIDENCE IS NOT ADMISSIBLE**

22   Furthermore, the court has no discretion to admit irrelevant evidence, *U.S. v.*
23   *Dean*, 980 F.2d 1286, 1288-1289 (9th Cir. 1992), making irrelevant evidence completely
24   inadmissible, *See* Fed.R.Evid. §402.  Relevant evidence is defined by Federal Rule of
25   Evidence 401 as:

26   Evidence having any tendency to make the existence of any
27   fact that is of consequence to the determination of the action
28   more probable or less probable than it would be without the

1  evidence.

2  *See Huddleston v. U.S.*, 485 U.S. 681, 682-692, 108 S. Ct. 1496, 99 L. Ed. 2d 771

3  (1988).

4  Evidence of a party's wealth is irrelevant to the issue of liability.  Rather,

5  [j]ustice is to be accorded to rich and poor alike, and a

6  deliberate attempt by counsel to appeal to social or economic

7  prejudices of the jury, including the wealth or poverty of the

8  litigants, is misconduct where the asserted wealth or poverty

9  is not relevant to the issues of the case.

10  *Hoffman v. Brandt,* 65 Cal.2d 549, 552-553, 55 Cal.Rptr. 417 (1966).  Therefore,

11  Defendants' financial condition has no rational bearing on issues of liability for either

12  compensatory or punitive damages.

13  **V.   RELEVANT EVIDENCE THAT IS OUTWEIGHED BY ITS**

14  **PREJUDICIAL EFFECT IS NOT ADMISSIBLE**

15  It is proper to exclude relevant evidence when its probative value is outweighed

16  by its prejudicial effect.  Federal Rule of Evidence 403 provides:

17  Although relevant, evidence may be excluded if its probative

18  value is substantially outweighed by the danger of unfair

19  prejudice, confusion of the issues, or misleading the jury, or

20  by considerations of undue delay, waste of time, or needless

21  presentation of cumulative evidence.

22  Furthermore, as the court stated in *U.S. v. Hitt*, the district judge has wide latitude in

23  making Rule 403 decisions.  981 F.2d 422, 424 (9th Cir. 1992).  Nonetheless,

24  [w]here the evidence is of very slight (if any) probative value,

25  it's an abuse of discretion to admit it if there's even a modest

26  likelihood of unfair prejudice or a small risk of misleading the

27  jury.

28  *Hitt,* 981 F.2d 422, 424.

MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' WEALTH

As previously stated, evidence of a party's wealth is generally irrelevant to the issue of liability. However, where the evidence may offer slight probative value, there can only be one purpose for introducing evidence of the defendants' wealth or comparing the financial status of both parties, that is to appeal to the sympathies of the jury. This is an improper purpose. *See Adams Labs, Inc. v Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985)(holding that statements which appeal to jurors' sympathy by comparing the wealth of the parties are improper). Therefore, evidence of the defendants' financial status substantially outweighs its probative value, if any, because appealing to the jurors' sympathy creates an undue risk of prejudice to the defendants.

Additionally, appealing to the jurors' sympathy may also confuse the issues and mislead the jury. Fed.R.Evid. §403. Therefore, evidence of the defendants' wealth is inadmissible.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' WEALTH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI.   CONCLUSION

Based on the foregoing, the County defendants respectfully request that this court exclude any testimony or documentary evidence, or mention of any evidence, regarding evidence relating to the defendant's wealth.

DATED:  November 22, 2010          Respectfully submitted.

MARANGA • MORGENSTERN
A Professional Law Corporation


Kenneth A. Maranga
Patricia E. Ellyatt
John F. Peterson
Carrie A. McQuaid
Stephanie Charles
Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY CORONER
DEPARTMENT, ANTHONY
HERNANDEZ, and LAKSHMANAN
SATHYAVAGISWARAN

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Ave.,Suite 600, Woodland Hills, CA 91367.

     On November 22, 2010, I served the foregoing document described as COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO.10 TO EXCLUDE EVIDENCE RELATING TO THE DEFENDANTS' WEALTH, on all parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Donald Cook, Esq.                    Attorneys for Plaintiffs
3435 Wilshire Boulevard, Suite 2900
Los Angeles, CA 90010
Tel: (213) 252-9444; Fax: (213) 252-0091
manncook@earthlink.net

Ameena M. Qazi, Esq.                 Attorneys for Plaintiff
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, CALIFORNIA
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Tel: (714) 776-1847; Fax: (714) 776-8340
aqazi@cair.com

  X  (By Mail) As to the above listed individuals only, by placing a true copy thereof enclosed in a sealed envelope.  I am "readily familiar" with the firm's practice of collection and processing of mailing.  Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after

1    day of deposit for mailing an affidavit.

2    The below listed individuals are registered with the Court to receive notice of
3    electronically filed documents and will therefore be served via the Court's ECF
4    System:

5    Olu K. Orange, Esq.                          Attorneys for Plaintiffs
6    3435 Wilshire Boulevard, Suite 2900
     Los Angeles, CA 90010
7    Tel: (213) 736-9900; Fax: (213) 406-
8    1250
9    oluorange@att.net

10   Robert Mann, Esq.                            Attorneys for Plaintiffs
     3435 Wilshire Boulevard, Suite 2900
11   Los Angeles, CA 90010
12   Tel: (213) 252-9444; Fax: (213) 252-
     0091
13   manncook@earthlink.net
14

15
     Paula D. Pearlman, Esq.                      Attorneys for Plaintiffs
16   DISABILITY RIGHTS LEGAL
17   CENTER
     919 Albany Street
18   Los Angeles, CA 90015
19   Tel: (213) 736-1031; Fax: (213) 736-
     1428
20   paula.pearlman@lls.edu
21

22   Craig J. Miller, Deputy City Attorney        Attorneys for Defendant, City of Los
     Wendy Shapero, Deputy City Attorney          Angeles
23   OFFICE OF THE CITY ATTORNEY
24   200 N. Main Street
     6th Floor, City Hall East
25   Los Angeles, CA 90012
26   Tel: (213) 978-7038; Fax: (213) 978-
     8785
27   craig.miller@lacity.org
28

MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' WEALTH

1  Peter J. Ferguson, Esq.                       Attorneys for Defendant, Joseph
2  Diana L.  Field, Esq.                         Cruz
   FERGUSON, PRAET & SHERMAN
3  1631 E. 18th Street
4  Santa Ana, CA 92705
   Tel: (714) 953-5300; Fax: (714) 953-
5  1143
6  peterferg@aol.com

7  Honorable R. Gary Klausner **(to Courtesy Copy Box)**
8  UNITED STATES DISTRICT COURT
   Courtroom 850
9  255 E. Temple Street
10 Los Angeles, CA 90012

11 Honorable Ralph Zarefsky **(to Courtesy Copy Box)**
12 UNITED STATES DISTRICT COURT
   Courtroom 540
13 255 E. Temple Street
14 Los Angeles, CA 90012

15

16 _____  By Telefax.  I forwarded such document by telefax to the offices of the
17         addressee(s) at telefax number     at the telefax number(s) indicated above.

18 _____  By Personal Service.  I delivered such envelope by hand to the addressee(s).
19
       _____  By Overnight Courier.  I caused the above-referenced document(s) to be
20         delivered to an overnight courier service for delivery to the above
21         addressee(s).

22         (Federal) I declare under penalty of perjury that the foregoing is true and
23 correct, and that I am employed in the office of a member of the bar of this Court at
   whose direction the service was made.
24

25         Executed on November 22, 2010, at Woodland Hills, California.
26
27                                          Stephanie Patenaude
   [
28 Chaudhry v. City of Los Angeles - CV 09-1592 RGK (RZx)]

MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' WEALTH