**Olu K. Orange, Esq**., SBN: 213653
ORANGE LAW OFFICES
3435 Wilshire Blvd., Suite 2900
Los Angeles, California 90010
Tel: (213) 736-9900
Fax: (213) 406-1250
E-mail: oluorange@att.net

**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA  90010
Tel: (213) 252-9444
Fax: (213) 252 0091
Email: manncook@earthlink.net

**Ameena M. Qazi,** SBN 250404
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, CALIFORNIA
2180 W. Crescent Ave., Suite F
Anaheim, CA 92801
Tel: (714) 776-1847
Fax: (714) 776-8340
Email: aqazi@cair.com

**Paula D. Pearlman**, CSB# 109038
Srividya Seshan Panchalam, CSB#
265398
DISABILITY   RIGHTS   LEGAL
CENTER
919 Albany Street
Los Angeles, CA 90015
Tel: (213) 736-1031
Fax: (213) 736-1428
Email: paula.pearlman@lls.edu
Email: sri.panchalam@lls.edu

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.<br>Defendants. | Case No. CV 09-01592 (RGK) RZx<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 3 TO PRECLUDE CLAIMS THAT A VERDICT IN PLAINTIFFS' FAVOR WILL ADVERSELY AFFECT AN OFFICER'S CAREER**<br><br>Hearing date: 1/11/11<br>Time: 9:00 a.m.<br>Ctrm: 850<br><br>PTC: 1/4/10<br>Trial: 1/11/11 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

MIL_3_Career.wpd

PLEASE TAKE NOTICE that pursuant to the Court's April 5, 2010 Jury Trial Order and the parties having met and conferred pursuant to L.R. 7-3, on 12/2/10, in the Courtroom of the Hon. R. Gary Klausner, located at 255 West Temple Street, Los Angeles, California, at 9:00 a.m., or as soon thereafter as counsel may be heard, Plaintiffs will move the Court for an order *in limine* precluding any statement, evidence or argument about the alleged negative impact a plaintiffs' verdict would have on Cruz' and/or Romo's careers (law enforcement or otherwise).   Furthermore, plaintiffs request that the Court instruct defense counsel to advise defendants and defendants' witnesses not to "remember" or volunteer information on the above matters.

DATED: December 2, 2010

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiffs


/s/ Robert Mann
By_____
Robert Mann

MIL_3_Career.wpd

1

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.  CASE BACKGROUND AND RELIEF REQUESTED.

As this Court is familiar with the facts of this case, plaintiffs will not repeat all of them. The facts pertinent to this motion are that plaintiffs claim Officers Cruz and Romo unlawfully detained decedent, Mohammad Usman Chaudhry, that Cruz unlawfully shot and killed decedent, and that Romo failed to intervene and then helped to cover-up the bad shooting.  Both individual defendants violated plaintiffs' and decedents' constitutional rights.

At trial, defendants may attempt to offer improper evidence or make statements or argument that a plaintiffs' verdict will negatively impact the officers' careers. Defendants should be precluded *in limine* from mentioning or referring to such facts.

## II.  STATEMENTS THAT A VERDICT IN PLAINTIFF'S FAVOR WILL ADVERSELY AFFECT THE OFFICERS' CAREERS SHOULD NOT BE ALLOWED.

First, defendants can present no evidence, and there exists no evidence, that a plaintiffs' verdict would negatively impact Romo's career with the LAPD, or Cruz' career elsewhere.[1]  There is no evidence that any employer would take a jury's say-so into consideration whatsoever.

Second, whether or not a [plaintiffs' verdict would impact the defendants' careers is not a proper consideration for the jury.  A just must decide the case based on the facts

---

[1]Since the Chaudhry shooting, Cruz was fired from the Department for having lied to his superiors concerning another incident.

and law of that case.  They may not consider such things as hurting someone's feelings, hurting someone's family or whether their decision would be bad for someone's career. It is simply irrelevant because it does not have  "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  F.R.E. 401.  Therefore it must be excluded so that the jury has no chance to consider it.  F.R.E. 402.

Lastly, if such a statement were made it would mislead the jury and unduly prejudice plaintiff's case. "Evidence is considered unfairly prejudicial, not merely because it damages the opposing party's case, but also because its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Thompson v. City of Chicago*, 472 F.3d 444, 456 (7th Cir.2006)(internal quotations omitted).  Therefore, pursuant to F.R.E. 403, defendants should be instructed to not make any such statements or insinuations.

//

//

//

//

//

//

//

MIL_3_Career.wpd

**III.   CONCLUSION.**

Defendants should be barred from mentioning, questioning, arguing or introducing any evidence that a jury's finding in plaintiffs' favor will negatively impact their careers because such consideration is wholly improper.  The instant motion should be granted.

DATED: December 2, 2010

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiffs


/s/ Robert Mann
by_____
Robert Mann

MIL_3_Career.wpd