**Olu K. Orange, Esq.**, SBN: 213653
ORANGE LAW OFFICES
3435 Wilshire Blvd., Suite 2900
Los Angeles, California 90010
Tel: (213) 736-9900
Fax: (213) 406-1250
E-mail: oluorange@att.net

| | | |
|---|---|---|
| **ROBERT MANN**, CSB 48293 | **Ameena M. Qazi,** SBN 250404 | **Paula D. Pearlman**, CSB# 109038 |
| **DONALD W. COOK**, CSB 116666 | COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA | Srividya Seshan Panchalam, CSB# 265398 |
| ATTORNEYS AT LAW | 2180 W. Crescent Ave., Suite F | DISABILITY RIGHTS LEGAL CENTER |
| 3435 Wilshire Blvd., Suite 2900 | Anaheim, CA 92801 | 919 Albany Street |
| Los Angeles, CA 90010 | Tel: (714) 776-1847 | Los Angeles, CA 90015 |
| Tel: (213) 252-9444 | Fax: (714) 776-8340 | Tel: (213) 736-1031 |
| Fax: (213) 252 0091 | Email: aqazi@cair.com | Fax: (213) 736-1428 |
| Email: manncook@earthlink.net | | Email: paula.pearlman@lls.edu |
| | | Email: sri.panchalam@lls.edu |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY<br><br>Plaintiffs,<br>vs.<br><br>CITY OF LOS ANGELES, et al.<br>Defendants. | Case No. CV 09-01592 (RGK) RZx<br><br>**PLAINTIFF'S *IN LIMINE* MOTION TO PRECLUDE ANY MENTION OF LITIGATION BETWEEN DEFENDANTS' EXPERT CALLANAN AND PLAINTIFF'S COUNSEL**<br><br>Hearing date: 1/11/11<br>Time: 9:00 a.m.<br>Ctrm: 850<br><br>PTC: 1/4/10<br>Trial: 1/11/11 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

1  PLEASE TAKE NOTICE that pursuant to the Court's April 5, 2010 Jury Trial
2
3  Order and the parties having met and conferred pursuant to L.R. 7-3, on 12/2/10, in the
4  Courtroom of the Hon. R. Gary Klausner, located at 255 West Temple Street, Los
5  Angeles, California, at 9:00 a.m., or as soon thereafter as counsel may be heard, Plaintiffs
6
7  will move the Court for an order *in limine* precluding any mention of any litigation
8  between defendants' expert Joseph Callanan and plaintiffs' counsel. Furthermore, plaintiff
9  requests that the Court instruct defense counsel to advise defendants' witnesses not to
10
11 "remember" or volunteer information on the above matters.
12 DATED: December 2, 2010
13
              **ROBERT MANN**
14            **DONALD W. COOK**
              Attorneys for Plaintiffs
15
16
17                    /s/ Robert Mann
          By_____
18                    Robert Mann

## I. CASE BACKGROUND AND RELIEF REQUESTED.

As this Court is familiar with the facts of this case, plaintiffs will not repeat all of them. The facts pertinent to this motion are that plaintiffs claim Officers Cruz and Romo unlawfully detained decedent, Mohammad Usman Chaudhry, that Cruz unlawfully shot and killed decedent, and that Romo failed to intervene and then helped to cover-up the bad shooting. Both individual defendants violated plaintiffs' and decedents' constitutional rights.

Based on the Rule 26 reports defendants have provided, Plaintiff anticipates that defendants' designated expert Joe Callanan will attempt to testify regarding the lawfulness of what defendants did.

There has been previous litigation between Mr. Callanan and Plaintiff's counsel Donald W. Cook and the partnership, Robert Mann and Donald W. Cook. On behalf of a client, Jose Lara-Urbina, the partnership brought suit against Callanan alleging that he had wrongfully accessed the confidential medical records of Mr. Lara Urbina. See *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003) (attorney and law firm liable for accessing minor's juvenile case file without juvenile court authorization). Callanan defeated the law suit against him and thereafter brought suit against Mr. Cook and the partnership for malicious prosecution. Callanan prevailed on one of four counts in his suit against Mr. Cook and the partnership. That decision is on appeal. *Callanan v. Cook*, L.A.S.C. BC398664, Court of Appeal no. B223324.

Plaintiff submits that the litigation between Callanan and Plaintiff's counsel has no relevance to Plaintiffs' claims. Moreover, if there be any relevance, it is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time" and should be excluded under Federal Rule of Evidence 403.

**II.     Plaintiff's Attorneys Are Not Parties Or Witnesses; Therefore, Their Motive And/Or Bias Is Irrelevant.**

Needless to say, this lawsuit is about what happened to Mr. Chaudhry. Plaintiff's counsel are not witnesses, nor could they be. An argument that Plaintiff's counsel may harbor a personal dislike of defense expert Callanan proves nothing in this case. Counsel's belief, argument or questions are, after all, not evidence and may not be considered as such. *E.g.,* Ninth Circuit Model Civil Jury Instruction 1.7 (What is Not Evidence). Allowing defendants to raise the issue of Callanan's lawsuit against Plaintiff's counsel serves only to confuse the jury while also permitting the jury to decide who to believe based on matters not properly considered as evidence.

(That said, to the extent evidence was uncovered in the *Callanan* lawsuit showing that Callanan fabricated certain claims [three of the four claims he brought Callanan lost on], may be relevant to attack Callanan's credibility. Unlike Plaintiff's counsel, Callanan is a witness. Hence, upon taking the stand he puts his credibility at issue.)

**III. Conclusion.**

For the foregoing reasons the Court should enter an order precluding any defendant from eliciting testimony or evidence that Callanan has sued Plaintiff's counsel.

DATED: December 2, 2010

                         **ROBERT MANN**
                         **DONALD W. COOK**
                         Attorneys for Plaintiffs

                            /s/ Robert Mann
by_____
                             Robert Mann