UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1592 RGK (RZx) | Date | December 21, 2010 |
|---|---|---|---|
| Title | *RUKHSANA CHAUDHRY, et al. v. CITY OF LOS ANGELES, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Defendant Cruz's Motion for Summary Judgment (DE 124)

## I.  FACTUAL BACKGROUND

The facts of this case are alleged as follows:

Mohammad Usman Chaudhry ("Usman") was a 21 year-old man of Pakistani descent, and he suffered from autism. He was prone to wandering away from home, and had at least two previous contacts with LAPD officers under such circumstances. In September, 2004, after Usman wandered away from home, Usman's mother filed a missing persons report with LAPD, identifying Usman as a dependent adult and listing the family's address and telephone number. Usman's father worked with the Sheriff's Department to compose and print a missing person leaflet for distribution identifying Usman as mentally challenged. This report was assigned NCIC # M144336830 and FCN # 2320425300075 and "distributed to all local law enforcement agencies." (Second Am. Compl. ¶ 88.) On October 27, 2004, the LASD closed this missing person report because Usman had been found.

At 4:00 am on March 25, 2008, Los Angeles police officers found Usman sleeping in the front yard of an apartment building. The officers "woke him, handcuffed him, checked his identification visually and by mobile terminal/dispatch, and shot [him] multiple times[,] killing him." (Second Am. Compl. ¶ 26.)

Usman's body was taken to the Los Angeles County Coroner's office. Although Usman's wallet was in his pocket, the Coroner's office did not notify Usman's parents of their son's death until twenty-one days had passed. Usman's family is Muslim. Muslims strive to bury the deceased as soon as possible after death, but no later than three days. Specific procedures are prescribed with respect to sanitation, timing, and sequence. Because of the passage of time, Usman's parents could not obey Islam's prescribed burial procedures for their son.

The plaintiffs in the current action are: (1) Usman's estate ("Estate"); (2) Usman's parents ("Chaudhrys"); (3) Usman's brother and sister; (4) Interfaith Communities United for Justice and Peace ("ICUJP"); (5) Islamic Shura Council of Southern California ("SHURA"); and (6) Los Angeles Community Action Network ("LA CAN"). ICUJP is an organization supporting faith leaders from several different religions. SHURA is an organization of mosques and Muslim groups serving Southern California. LA CAN is a community action organization engaged in advocacy addressing homelessness issues in Los Angeles. The defendants are City of Los Angeles, Los Angeles Police Department, and William Bratton (collectively, "City"); Officer David Romo ("Romo"); Officer Joseph Cruz ("Cruz"); County of Los Angeles ("County"); Los Angeles County Coroner Department ("LACCD"); Anthony Hernandez ("Hernandez") and Lakshmanan Sathyavagiswaran ("Sathyavagiswaran").

The SAC alleges claims for relief pursuant to (1) Americans With Disabilities Act ("ADA"); (2) Rehabilitation Act of 1973; (3) 42 U.S.C. § 1983 ("§ 1983"); (4) 42 U.S.C. §§ 1985 ("§ 1985") and 1986s ("§ 1986"); (5) Negligence; (6) Intentional Infliction of Emotional Distress ("IIED"); (7) Government Code § 27471 ("§ 27471"); (8) Wrongful Death; (9) Conversion; (10) California Government Code § 11135 ("§ 11135"); (11) Civil Rights under the California Constitution and California Civil Code; (12) Assault and Battery; (13) False Arrest/False Imprisonment.

On April 16, 2010, the Court ruled on a Motion to Dismiss filed by Cruz. Based on the Court's ruling, the only remaining claims against Cruz are: (1) Violation of § 1983 - 4th Amendment; (2) Wrongful Death; and (3) Conversion. Currently before the Court is Cruz's Motion for Summary Judgment as to those remaining claims. For the following reasons, the Court **grants in part and denies in part** Cruz's motion.

## II.     JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a)-(b).

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See id.* at 326.

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

## III.    DISCUSSION

Cruz argues that the Court should grant summary judgment as to the remaining three claims against him: (1) Violation of § 1983 - 4th Amendment; (2) Wrongful Death; and (3) Conversion. The Court addresses each claim in turn.

### A. Violation of § 1983 - 4th Amendment

The Estate's claim under § 1983 alleges that Cruz violated Usman's Fourth Amendment right by unlawfully detaining him and using excessive force, resulting in his death. To prove a claim under § 1983, a plaintiff must show that the defendant violated his right secured by the Constitution or laws of the United States and the defendant was a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Cruz argues that he did not violate Usman's constitutional rights because Cruz's actions were objectively reasonable. Cruz also argues that, in any event, he is immune from liability based on qualified immunity. For the following reasons, the Court finds a triable issue of material fact as to this claim.

#### 1. *Unlawful Detainment*

An officer may stop and briefly detain a person for questioning if there is reasonable suspicion of criminal activity supported by "specific and articulable facts" and "rational inferences from those facts." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). In determining whether reasonable suspicion is present, a reviewing court must consider the totality of the circumstances known to the officer. *United States v. Arvizu*, 534 U.S. 266, 273-275 (2002).

The following facts are undisputed: (1) Cruz and Romo were working patrol and observed Usman laying under an apartment overhang (Cruz Decl. ¶ 4); (2) Cruz was aware of the current crime trends in the area involving narcotics, prostitution, and transients, particularly the problems stemming from the nearby 7-11 store (Cruz Decl. ¶ 5); (3) as Cruz and Romo approached Usman, Usman remained laying on his back with his head partially propped up by a red tote bag (Cruz Decl. ¶ 8); (4) Cruz noticed Usman's eyes were fluttering, and did not know if Usman was conscious, asleep, or awake (*Id.*); (5) Cruz observed that Usman's hands were moving (Cruz Decl. ¶ 10); (6) Cruz confirmed that Usman was not holding anything (*Id.*); (7) Usman informed Cruz that he did not have any problems with the police and was on probation for possession of a baton (Cruz Decl. ¶ 10).

During the time frame in which the undisputed facts above occurred, there is no evidence that Cruz conducted a stop. At a later point in the encounter, however, it appears that Usman provided a California identification card to Cruz. According to the Estate's evidence, Cruz told Usman to stand up and show Cruz his identification. (Orange Decl., Ex. F at 52:20-53:2.) This evidence supports a finding that the contact between Cruz and Usman turned into a stop. Cruz's evidence, however, indicates that without prompting from Cruz, Usman handed his card to Cruz and told him to "check it." (Cruz Decl. ¶ 11.) Therefore, a triable issue of fact exists as to whether Usman was actually stopped and detained.

Even if Cruz stopped and detained Usman, the undisputed facts and rational inference from those facts support a finding of reasonable suspicion. Taking into consideration (1) Cruz's knowledge of the crime trends in the area; and (2) the fact that Usman was laying in the public area of an apartment building, with his head resting on a tote bag, the Court finds specific, articulable facts supporting reasonable suspicion of that Usman was trespassing.

#### 2. *Excessive Force*

The U.S. Supreme Court has stated that claims of excessive force, whether deadly or otherwise, must be analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor* 490 U.S. 386, 395 (1989). The reasonableness inquiry is an objective test, taking into account the facts and circumstances confronting the officers at the scene. *Graham*, 490 U.S. at 397. "'The question is not simply whether the force was necessary to accomplish a legitimate police objective; it is whether the force used was reasonable in light of all the relevant circumstances.'" *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005)(quoting *Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991). "The calculus of

reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

According to Cruz, the events that immediately preceded Cruz's shooting Usman are (1) Usman reached into his front sweatshirt pocket, pulled out a knife, stretched his arm out and lunged toward Cruz (Cruz Dec. ¶ 14); (2) Usman moved the knife in a semi-circular motion as he pointed it toward Cruz's neck area, while he quickly advanced toward Cruz (Cruz Decl. ¶ 15); (3) fearing that he was about to be stabbed, Cruz fired three rounds as Usman continued to close the distance to within one foot of Cruz (Cruz Decl. ¶ 16); (4) Usman's knife made contact with Cruz's left outer palm and cause a puncture wound (Cruz Decl. ¶ 16, Ex. A-3); (5) although the shots caused Usman to back up momentarily, he again advanced toward Cruz (Cruz Decl. ¶ 17); and (6) believing that Usman was still trying to kill him, Cruz fired a fourth shot from an approximate distance of two to four feet (Cruz Decl. ¶ 17).

The Estate's evidence indicates that (1) Usman's DNA was not on the knife (Orange Decl., Ex. L, p.116); (2) according to a forensics experts, based on the lack of DNA evidence, it is unlikely that Usman stored, held, and wielded the knife (Orange Decl., Ex. M, p. 124; Ex. G, p. 67); (3) according to a forensics expert, it is likely Cruz fired the first shot while Usman was standing, and continued to shoot him as Usman was falling to his knees and ultimately to the ground (Orange Decl., Ex. G, p. 67). This evidence creates a triable issue of material fact as to whether Cruz's use of deadly force was reasonable in light of the fact and circumstances confronting him at the scene.

  3. *Qualified Immunity*

When a public official asserts qualified immunity, the Court must determine whether, in light of clearly established principles governing the conduct in question, the official objectively could have believed that his conduct was lawful. *Act Up!/Portland v. Bagley*, 988 R.2d 868, 871 (9th Cir. 1993)(citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

Based on the disputed facts previously discussed, the Court finds a triable issue as to whether Cruz could have believed his conduct was lawful under the clearly established law.

Based on the foregoing, the Court **denies** Cruz's motion as to the § 1983 claim for violation of Usman's Fourth Amendment rights.

 **B.** **Wrongful Death**

In the SAC, the Chaudhrys allege a claim against Cruz for wrongful death. Cruz argues that the Court should enter summary judgment because (1) Cruz is immune pursuant to California Government Code § 820.2 ("§ 820"); and (2) the use of force is privileged because is was justified. The Court disagrees.

As to his first argument, Cruz asserts that § 820.2 immunity applies to police officers' discretionary decisions. But it has long been established that this provision does not apply to officers who use unreasonable force. *See Scruggs v. Haynes*, 252 Cal. App.2d 256 (1967) ("[A] peace officer making an arrest is liable to the person arrested for using unreasonable force."); *Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir.2002) (en banc) ("California denies immunity to police officers who use excessive force in arresting a suspect.").

As to his second argument, the Chaudhry's claim arises from the alleged illegal use of deadly force. In Section III.A., above, the Court found a triable issue as to whether Cruz's use of deadly force

was reasonable or justified. For the same reasons Cruz is not entitled to summary judgment on Usman's unlawful force claim under § 1983, Cruz is also not entitled to summary judgment on the Chaudhry's wrongful death claim.

The Court **denies** Cruz's motion as to the claim for wrongful death.

### C. Conversion

The Estate and Chaudhrys also allege a claim against Cruz for conversion. In his motion Cruz argues that he never gathered or booked any of Usman's personal property, and never had possession or control of Usman's property. The Chaudhrys have failed to address this argument, much less introduce evidence raising a disputed issue as to this claim. Therefore, the Court **grants** summary judgment in favor of Cruz as to this claim.

### IV. CONCLUSION

In light of the foregoing, the Court hereby **grants** Cruz's Motion for Summary Judgment as to the Fourteenth Claim for Conversion, and **denies** Cruz's motion as to the claims for § 1983 Violation of Usman's Fourth Amendment Rights and Wrongful Death.

**IT IS SO ORDERED.**

:

Initials of Preparer    slw