**Olu K. Orange, Esq.**, SBN: 213653
ORANGE LAW OFFICES
3435 Wilshire Blvd., Suite 2900
Los Angeles, California 90010
Tel: (213) 736-9900
Fax: (213) 406-1250
E-mail: oluorange@att.net

| | | |
|---|---|---|
| **ROBERT MANN**, CSB 48293<br>**DONALD W. COOK**, CSB 116666<br>ATTORNEYS AT LAW<br>3435 Wilshire Blvd., Suite 2900<br>Los Angeles, CA 90010<br>Tel: (213) 252-9444<br>Fax: (213) 252 0091<br>E-mail: manncook@earthlink.net | **Ameena M. Qazi**, SBN 250404<br>COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA<br>2180 W. Crescent Ave., Suite F<br>Anaheim, CA 92801<br>Tel: (714) 776-1847<br>Fax: (714) 776-8340<br>E-mail: aqazi@cair.com | **Paula D. Pearlman**, CSB# 109038<br>DISABILITY RIGHTS LEGAL CENTER<br>919 Albany Street<br>Los Angeles, CA 90015<br>Tel: (213) 736-1031<br>Fax: (213) 736-1428<br>E-mail: paula.pearlman@lls.edu |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY, INTERFAITH COMMUNITIES UNITED FOR JUSTICE AND PEACE, ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA<br><br>*Plaintiffs,*<br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, WILLIAM BRATTON, JOSEPH CRUZ, DAVID ROMO, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY CORONER DEPARTMENT, ANTHONY HERNANDEZ, LAKSHMANAN SATHYAVAGISWARAN, AND DOES 1 THROUGH 10<br><br>*Defendants.* | Case No. CV 09-01592 (RGK) RZx<br><br>**PLAINTIFFS' NOTICE OF APPEAL** |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that plaintiffs RUKHSANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHRY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY, ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, and each of them, hereby appeal to the Ninth Circuit Court of Appeals the following judgments and/or orders:

(a) the judgment entered May 6, 2011, (docket Document #433) ordering that plaintiffs the Estate of Mohammad Usman Chaudhry take nothing; Rukhasana Chaudhry take $350,000.00; Mohammad Afzal Chaudhy take $350,000.00 as recovery against the defendants the City of Los Angeles and Joseph Cruz; and

(b) the order entered April 27, 2011, (docket Document #431) ordering that plaintiffs' Motion for Attorneys Fees and Costs was granted in part for a total of $79,454.43; and

(c) the order entered April 26, 2011, (docket Document #430) regarding defendants City of Los Angeles' and Joseph Cruz' Renewed Motions for Judgment as a Matter of Law and/or New Trial, wherein the City's and Cruz' Motions for Renewed Judgment as a Matter of Law were granted in part. Specifically, the Court found that the evidence presented at trial did not support a finding of monetary damages to the Estate of Mohammad Usman Chaudhry; and

(d) the judgment entered on February 3, 2011, (docket Document #385) ordering that plaintiffs take nothing and the action be dismissed on the merits as to defendants County of Los Angeles, Los Angeles County Coroner Department, Anthony Hernandez, and Lakshmanan Sathyavagiswaran, and that said defendants recover their costs in an amount to be determined by application to the Clerk of the Court; and

(e) Plaintiffs also appeal any and all underlying Orders against them and not in their favor, including but not limited to the court's Orders on motions for judgment as a matter of law, summary judgment, evidentiary rulings, jury instructions, and any and all discovery orders and orders on motions to dismiss.

The final judgment in this matter was filed on May 5, 2011, and entered May 6, 2011, (docket Document #433) a copy of which is attached hereto as Exhibit A. The court's order on defendants City of Los Angeles' and Cruz' Renewed Motions for Judgment as a Matter of Law and/or New Trial, filed pursuant to Federal Rules of Civil Procedure 50(b) and 59, was filed on April 26, 2011, and entered the same day, (docket Document #430) a copy of which is attached hereto as Exhibit B.

Accordingly, this Notice of Appeal is timely per Federal Rules of Appellate Procedure 4(a)(1)(A); 4(a)(4)(A)(i); and 4(a)(4)(A)(v).

DATED: May 20, 2011

      **ORANGE LAW OFFICES**
      **MANN & COOK**
      **DISABILITY RIGHTS LEGAL CENTER**
      **COUNCIL ON AMERICAN ISLAMIC RELATIONS**
      Attorneys for Plaintiffs

By _____
      Olu K. Orange, Esq.

# EXHIBIT A

Peter J. Ferguson, SBN 108297
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300
(714) 953-1143 Fax
email: Peterferg@aol.com

Attorneys for Defendant Joseph Cruz

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUKHASANA CHAUDHRY, MOHAMMAD AFZAL CHAUDHY, USMA CHAUDHRY, MOHAMMAD UMAR CHAUDHRY, ESTATE OF MOHAMMAD USMAN CHAUDHRY, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | Case No. CV 09-1592 RGK (RZx) <br> **AMENDED JUDGMENT** <br><br><br> **Honorable R. Gary Klausner** |

AFTER JURY VERDICT Defendants the City of Los Angeles and Joseph Cruz's brought Motions pursuant to Federal Rules of Civil Procedure, Rules 50 and 59. The Court ruled on the Motions on April 26, 2011, (Docket #430) and found that the evidence at trial did not support a finding of monetary damages to the Estate.

IT IS ORDERED, AND ADJUDGED that Plaintiffs:

THE ESTATE OF MOHAMMAD USMAN CHAUDHRY take nothing;

RUKHASANA CHAUDHRY take $350,000.00;

MOHAMMAD AFZAL CHAUDHY take $350,000.00 as recovery on the

**EXHIBIT A**

Amended Judgment | No. CV 09 1592 RGK (RZx)

Defendants the City of Los Angeles and Joseph Cruz with interest thereon at the legal rate provided by the law, and its costs as determined by application to the Clerk of Court.

DATED: May 5, 2011

_____
Honorable R. Gary Klausner
United States District Court Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-01592-RGK (RZx) | Date | April 26, 2011 |
| Title | CHAUDHRY, et al v. CITY OF LOS ANGELES, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants City of Los Angeles and Joseph Cruz's Renewed Motions for Judgment as a Matter of Law and/or New Trial (DE 401 and 402))

I. **FACTUAL BACKGROUND**

On August 4, 2009, Rukhsana and Mohammad Afzal Chaudhry (the "Chaudhrys"), parents of decedent Mohammad Usman Chaudhry ("Usman"): the Estate of Usman ("Estate"); Usman's brother and sister; Interfaith Communities United for Justice and Peace ("ICUJP"); Islamic Shura Council of Southern California ("SHURA"); and Los Angeles Community Action Network ("LA CAN") (collectively "Plaintiffs") filed a Second Amended Complaint ("SAC"). The city defendants are the City of Los Angeles; the Los Angeles Police Department ("LAPD") and William Bratton (inclusively "City"); Officer David Romo ("Romo"); and former Officer Joseph Cruz ("Cruz") (collectively "City Defendants"). The county defendants are the County of Los Angeles ("County"); Los Angeles County Coroner Department ("LACCD"); Anthony Hernandez ("Hernandez"); and Lakshmanan Sathyavagiswaran ("Sathyavagiswaran") (collectively "County Defendants"). Plaintiffs' claims stemmed from an incident that took place at 4 AM on March 25, 2008 involving Cruz and Romo's contact with Usman in the front yard of an apartment building and Usman's subsequent death.

The SAC alleged claims for relief pursuant to: (1) Title II of the Americans with Disabilities Act ("ADA"); (2) Rehabilitation Act of 1973; (3) 42 U.S.C. § 1983 ("Section 1983"); (4) 42 U.S.C. §§ 1985, 1986; (5) Negligence; (6) Intentional Infliction of Emotional Distress; (7) California Government Code § 27471; (8) Wrongful Death; (9) Conversion; (10) California Government Code § 11135; (11) Civil Rights under the California Constitution and California Civil Code; (12) Assault and Battery; and (13) False Arrest/False Imprisonment.

On April 16, 2010, the Court ruled on Motions to Dismiss filed by City Defendants. On December 21, 2010, the Court ruled on Motions for Summary Judgment filed by City Defendants. After the Court's rulings, the only remaining claims against Cruz were Violation of § 1983 and Wrongful

**EXHIBIT B**

Death. The only claims that remained against the City were Wrongful Death and Assault and Battery, but only as to vicarious liability for Cruz. As to Romo, the Court granted summary judgment as to all remaining claims. On December 29, 2010, the Court issued an Order granting summary judgment in favor of County Defendants on all claims asserted against them.

On January 18, 2011, a bifurcated jury trial commenced. On January 24, 2011, the jury issued a verdict for the liability phase, finding that (1) Cruz used excessive force upon Usman on March 25, 2008; (2) Cruz's excessive force was a legal cause of injury to Usman; and (3) Cruz's conduct was undertaken in a reckless, oppressive, or malicious manner. On January 26, 2011, the jury issued a special verdict awarding $1 million to the Estate, $700,000 to the Chaudhrys, and no punitive damages. On January 31, 2011, the Court entered the Judgment in favor of the Estate and the Chaudhrys against the City and Cruz for a total of $1.7 million.

Presently before the Court are the City's and Cruz's Renewed Motions for Judgment As A Matter of Law and/or New Trial ("Motions"), pursuant to Federal Rules of Procedure 50(b) and 59. For the following reasons, the Court **grants in part** the Motions.

## II. JUDICIAL STANDARD

Federal Rule of Civil Procedure ("Rule") 50(b) provides that no later than twenty-eight days after the entry of judgment, a party may file a renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(b). Like a pre-verdict motion for judgment as a matter of law under Rule 50(a), a post-verdict motion under Rule 50(b) challenges the sufficiency of the evidence to support a plaintiff's case. Fed. R. Civ. P. 50(a)–(b). By definition, a Rule 50(b) motion renews the prior Rule 50(a) motion and, as such, is limited to those issued raised in the previous motion. *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). Judgment as a matter of law ("JMOL") is proper only if the evidence, together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving part was entitled to judgment. *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002).

Rule 50(b) also states that a moving party may include an alternative or joint request for a new trial under Rule 59. Rule 59 does not specify the grounds on which a motion for a new trial may be granted. Fed. R. Civ. P. 59; *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Rather, courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). In considering a motion for a new trial, courts have discretion to weigh the evidence and assess the credibility of witnesses. *Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd.*, 880 F.2d 176, 190 (9th Cir. 1989). The grant of a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

## III. DISCUSSION

The City and Cruz argue that the Court should grant their Motions because the jury's verdict did not have a legally sufficient basis. The Court agrees in part.

### A. Renewed Motion for Judgment as a Matter of Law

JMOL is proper only if the evidence, together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving party was entitled to judgment. *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002). Conversely, the jury's verdict must be upheld if, viewing the facts in the light most favorable to the non-moving party,

EXHIBIT B

there is sufficient evidence for a reasonable jury to have found in the non-moving party's favor. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001).

The trial was bifurcated into a liability phase and a damages phase, and the jury rendered verdicts at both phases of trial. The Court addresses each phase in turn.

1. <u>*Liability Phase*</u>

During the liability phase, the City argued that Cruz did not use excessive force, claiming that when Cruz approached Usman, Usman took out a knife suddenly and without provocation, lunged at Cruz, and attempted to stab him. Plaintiffs argued there was no such life-threatening assault and introduced substantial evidence to support their contention that Cruz's version of the facts was inaccurate.

Viewing the facts in the light most favorable to Plaintiffs, there was sufficient evidence for a reasonable jury to have found in Plaintiffs' favor as to liability. The jury heard testimony from Romo, Cruz's partner, who claimed he did not hear Cruz yell "knife" (Trial Tr. 88:9–12, Jan. 20, 2011) or see Usman make any movement towards Cruz indicating an assault or threat (Trial Tr. 87:7–23, Jan. 20, 2011). The jury heard from Plaintiffs' expert Jesse Wobrock, a forensic biomechanical engineer, who testified that given the pattern and trajectory of Cruz's gunshots, Usman most likely began to collapse after being struck with Cruz's first round and was falling when struck by the later rounds. (Trial Tr. 33:4–14, Jan. 20, 2011). Dr. Yulai Wang, an autopsy surgeon, testified that all three rounds were fatal, supporting the inference that, contrary to Cruz's claim, Usman did not remain upright or continue to threaten Cruz with a knife until Cruz fired the fourth and final shot. (Trial Tr. 35:11–40:24, Jan. 20, 2011). Plaintiffs' expert Roger Clark, a police procedures consultant, testified that Cruz would have performed a pat-down search on Usman and found any knife (Trial Tr. 232:10–23:24, Jan. 19, 2011), and he said the knife Usman allegedly used was the type typically carried by police officers as a utility tool (Trial Tr. 234:16–24, Jan. 19, 2011). Sebastian Brook, a resident of the apartment building where the incident took place, testified that within seconds after the shooting, he heard Romo say, "But you didn't have to do that." (Trial Tr. 11:10–14, Jan. 20, 2011).

Moreover, the Court previously denied the City's Motion for Summary Judgment as to Plaintiffs' § 1983 claim (Docket Entry 296), and the standard for granting JMOL "mirrors" the standard for granting a pretrial motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Because a reasonable person could have decided in favor of Plaintiffs at trial, the jury's verdict as to liability must be upheld.

2. <u>*Damages Phase*</u>

The jury instructions regarding damages to the Estate instructed the jury to consider the nature and extent of the decedent's injuries, and the mental, physical, and emotional pain and suffering experienced by the decedent until the time of death. As a result of this instruction, the jury returned a verdict in favor of the Estate awarding $1,000,000 in damages.

Federal statute does not expressly address damages for survival actions. Under 28 U.S.C. § 1988(a), where Section 1983 is silent as to damages, courts should apply state law, so long as the state law is not inconsistent with the federal law. California Civil Procedure Code § 377.10-34, the state's survival statute, expressly excludes damages for pain, suffering, or disfigurement. Cal. Civ. P. Code § 377.34 ("Section 344.34"). The Ninth Circuit Court of Appeal has not addressed this issue, and district courts in this circuit have disagreed on the application of Section 344.34. In light of the Ninth Circuit's silence as to this issue, the Court finds the rationale contained in *Venerable v. City of Sacramento*, 185 F. Supp.2d 1128 (2002), well-reasoned and persuasive. Therefore, this Court adopts the position that

damages for pain and suffering are not recoverable as damages in a survival action under Section 1983.[1]

In light of the foregoing, the Court finds that no evidence was offered supporting any monetary damages to the Estate. As such, the Court **grants in part** the City's and Cruz's Motions. Specifically, the Court finds that, as a matter of law, the Estate of Mohammad Usman shall be awarded no monetary damages. Damage amounts to Mohammad Afzal Chaudhry and Rukhsana Chaudhry remain unchanged.

### B. Motion for New Trial

The City and Cruz also move for a new trial pursuant to Rule 59. Rule 59 does not specify the grounds on which a motion for a new trial may be granted. Fed. R. Civ. P. 59; *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). In considering a motion for a new trial, courts have discretion to weigh the evidence and assess the credibility of witnesses. *Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd.*, 880 F.2d 176, 190 (9th Cir. 1989). The grant of a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

Both the City and Cruz argue that the Court should order a new trial because: (1) the jury's finding of liability was contrary to the clear weight of the evidence; (2) the Court made erroneous evidentiary rulings that resulted in substantial prejudice to the City; (3) the jury instructions were improper; and (4) the damages were excessive.

Upon consideration of the parties' arguments, and in light of the Court's ruling above, the Court finds that the parties' stated grounds fail to provide a sufficient basis to warrant a new trial.

### IV. CONCLUSION

Based on the foregoing, the City's and Cruz's Motions for Renewed Judgment as a Matter of Law is **GRANTED in part**. Specifically, the Court finds that the evidence presented at trial does not support a finding of monetary damages to the Estate. Defendants are ordered to submit a Proposed Amended Judgment consistent with this Order within **5 days** from the date this Order is entered. The City's and Cruz's alternative Motion for New Trial is **DENIED**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | slw |

---

[1] The Court notes that even if such damages were recoverable, the jury's $1,000,000 award may be excessive relative to the short intervening time between Defendants' wrongful conduct and decedent's death. However, the in light of the Court's position regarding the applicable law, the Court need not address this issue.