Olu K. Orange, Esq. SBN 213653
ORANGE LAW OFFICES
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Tel: (213) 736-9900 / Fax: (213) 406-1250
Email: oluorange@att.net

DONALD W. COOK, SBN 116666
SAMANTHA KOERNER, SBN: 173372
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Tel: (213) 252-9444/ Fax: (213) 252-0091
Email: manncook@earthlink.net

Ameena M. Qazi SBN 250404
COUNCIL ON AMERICAN-
ISLAMIC RELATIONS,
CALIFORNIA
2180 W. Crescent Ave.,
Suite F
Anaheim, California 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340
Email: aqazi@cair.com

Richard Diaz, SBN 285459
DISABILITY RIGHTS
LEGAL CENTER
800 S. Figueroa St,
Ste 1120
Los Angeles, CA 90017
Tel: (213) 736-1496
Fax: (213) 736-1428
Email: richard.diaz@lls.edu

Robert Haferd, SBN 272242
LAW OFFICE OF
ROBERT N. HAFERD
920 U Street, NW
Washington, DC 20001
Tel: (202) 750-1665
Fax: (202) 332-1365
Email: rhaferd@gmail.com

*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUKHSANA CHAUDHRY, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, ET AL., <br><br> Defendants. | Case No. CV09-1592 RGK (RZx) <br><br> *Hon. R. Gary Klausner* <br><br> **PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR AN ORDER GRANTING JURY TRIAL AGAINST COUNTY DEFENDANTS ON ALL CHAUDHRYS' CLAIMS FOR VIOLATION OF MANDATORY DUTY AND PARENTS' CLAIM FOR NEGLIGENCE** <br><br> Hearing date: 12/08/14 <br> Time: 9:00 a.m. <br> Ctrm: Roybal 850 |

1    **I.      THE CHAUDHRYS' CLAIMS AGAINST THE COUNTY FOR**
2    **VIOLATION OF MANDATORY DUTY SHARE A COMMON NUCLEUS OF**
3    **OPERATIVE FACT WITH THE PARENTS' 14TH AMENDMENT CLAIM**
4    **AGAINST CRUZ.**

5    The County Defendants contend that no common nucleus of operative fact
6    exists between the remaining state law claims and the remaining federal law claims,
7    and argue that "the assertion that Officer Cruz could be liable for damages flowing
8    from the alleged negligence of the Coroner in this case is not consistent with
9    California law." (Defendants' Opposition to Plaintiffs' Motion for Jury Trial, Dkt.
10   No. 501, at p. 5:4-5.) As Plaintiffs have set forth in their Opposition to the County's
11   Motion to Dismiss Plaintiffs' Sole Remaining State Claim, however, "based on
12   'traditional tort principles' that apply in this case, Cruz's liability is tied up in the
13   County's negligence." (Dkt. No. 504, at p. 7:4-9; *see also id.* at 4:8-18, quoting
14   *Malley v. Briggs*, 475 U.S. 335, 345 fn.7 (1986) ("As we stated in *Monroe v. Pape*,
15   365 U.S. 167, 187 (1961), § 1983 'should be read against the background of tort
16   liability that makes a man responsible for the natural consequences of his actions.'
17   Since the common law recognized the causal link between the submission of a
18   complaint and an ensuing arrest, we read § 1983 as recognizing the same causal
19   link.")).

20

21   **II.     CAL. CIVIL CODE § 1431.2 REQUIRES THE JURY TO ASSIGN**
22   **DEFENDANT CRUZ HIS PROPORTIONAL LIABILITY FOR THE**
23   **CHAUDHRYS' NONECONOMIC DAMAGES.**

24   The Defendants raise one final argument in their Opposition that is not
25   addressed directly by Plaintiffs' other briefs before the Court. The Defendants
26   contend that "California Civil Code § 1431.2 (Proposition 51) would limit Cruz's
27   responsibility to any economic damages from the delay in notification," and that,
28   since "Plaintiffs have not put forward any economic damages suffered as a result of

1  the Coroner's notice of the death … there appears to exist no potential joint liability
2  by Co-Defendant Cruz for the harm being alleged against the County Defendants."
3  (Defendants' Opposition to Plaintiffs' Motion for Jury Trial, Dkt. No. 501, at p. 6:18-
4  19.)

5        As a threshold matter, Section 1431.2(a) may not even apply to the parents'
6  14th Amendment claim against Cruz.   Section 1431.2 applies in "any action for
7  personal injury, property damage, or wrongful death, based upon principles of
8  comparative fault[.]"   Cal. Civ. Code § 1431.2(a).[1]   While the claims against the
9  County are based in negligence, the remaining claim against Cruz is for violation of
10  federal substantive due process.

11       Assuming it does apply, Section 1431.2(a) simply states that Cruz is liable for
12  his portion of the noneconomic damages suffered by the Chaudhrys following
13  Usman's death.  *See C.B. v. City of Sonora*, 769 F.3d 1005, 1031 (9th Cir. 2014)
14  ("California Civil Code section 1431.2(a) provides that liability for economic
15  damages is joint and several, but liability for noneconomic damages is apportioned
16  according to the principles of comparative fault.").  While Cruz's conduct was earlier
17  in the causal chain than the County's, he is the "original tortfeasor" liable for the

18

19  [1] Section 1431.2 states as follows:

20       (a) In any action for personal injury, property damage, or wrongful death, based upon principles of
21       comparative fault, the liability of each defendant for non-economic damages shall be several only
        and shall not be joint. Each defendant shall be liable only for the amount of non-economic
        damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and
22       a separate judgment shall be rendered against that defendant for that amount.

23       (b)(1) For purposes of this section, the term "economic damages" means objectively verifiable
        monetary losses including medical expenses, loss of earnings, burial costs, loss of use of property,
24       costs of repair or replacement, costs of obtaining substitute domestic services, loss of employment
        and loss of business or employment opportunities.

25       (2) For the purposes of this section, the term "non-economic damages" means subjective, non-
26       monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering,
        emotional distress, loss of society and companionship, loss of consortium, injury to reputation and
27       humiliation.

28  Cal. Civil Code § 1431.2.

foreseeable harm resulting from his killing Usman, including harm in connection with the County's subsequent negligence. Under Section 1431.2(a), a jury must accordingly assign Cruz and the County their proportional responsibility. *See Aetna Health Plans of California, Inc. v. Yucaipa-Calimesa Joint Unified Sch. Dist.*, 72 Cal. App. 4th 1175, 1193 (1999) (where plaintiff sued both the primary and secondary insurer for noneconomic damages from wrongful death based on their failure to timely approve coverage, and the court stated, "[a]lthough decedent's death is, literally, a single injury, the noneconomic harm caused plaintiffs is not indivisible; rather, by virtue of section 1431.2(a), it must be divided among the multiple tortfeasors according to their shares of fault"). A jury in this case could, for example, assign Cruz some percentage of fault for Usman's body having to be taken into the custody of the Coroner in the first place, and then also assign him some percentage of the additional damages caused by the Coroner's failure to notify the Chaudhrys.

Hence, Section 1431.2(a)'s potential application provides just one more example of why the Chaudhrys' remaining state law claims against the County and the substantive due process claim against Cruz should be tried together, in the event that the jury is required to assign comparative fault between the County and Cruz for the post-shooting noneconomic damages.

DATE: November 24, 2014

**LAW OFFICE OF ROBERT N. HAFERD**
for Plaintiffs

/S/

By_____
     **Robert N. Haferd, Esq.**

4